C. D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Matthew D. Cubeiro – SBN 291519
Alexander A. Frank – SBN 311718
MICHEL & ASSOCIATES, P.C.
180 East Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
cmichel@michellawyers.com

Attorneys for Plaintiffs
Miranda Wallingford and
Richard Wallingford

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRANDA WALLINGFORD and RICHARD WALLINGFORD,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Miranda Wallingford and Richard Wallingford (collectively "Plaintiffs"), through their counsel, bring this action against Defendant California Attorney General Robert Bonta, in his official capacity, and make the following allegations.

## INTRODUCTION AND SUMMARY OF CLAIMS

1. California has adopted laws making it unlawful for any person against whom a court issues a civil restraining order to possess or acquire firearms or ammunition, without exception. In other words, individuals subject to such orders are wholly denied exercise of their Second Amendment rights, regardless of the reason(s) for which the order issues. Prohibiting access to arms for individuals subject to a restraining order may very well pass constitutional muster in a variety of instances. Because, however, California superior courts have such wide discretion to issue those orders without any findings that the restrained person poses a danger of any kind, there are certainly instances where such a prohibition is unconstitutionally excessive. That is precisely the case here.

2. Plaintiffs Miranda and Richard Wallingford have been married and living together at their home in Huntington Beach, California, for more than 50 years. In 2013, a new neighbor moved in next-door. Shortly thereafter, this new neighbor began making false criminal allegations, threats of violence, and harassing actions against Plaintiffs. She even filed a petition for a restraining order against Mr. Wallingford. In response, Plaintiffs had security cameras installed on their privately-owned property for the purpose of recording evidence of the neighbor's conduct that they could use to defend themselves in court. The cameras served their intended purpose, capturing images of the neighbor making threats and violating their property. After reviewing those images, the court denied the neighbor's request for a restraining order against Mr. Wallingford.

3. In the months that followed, Plaintiffs' neighbor continued the same behavior. Armed with undisputable evidence of her hostile actions, this time it was

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Miranda Wallingford who went to court to seek the protection of a restraining order. The neighbor countered by filing another restraining order petition against Plaintiffs. The company that had installed Plaintiffs' cameras placed them in locations from where they captured portions of the neighbor's private property that were not visible from the street. As a result, the neighbor complained to the court that they violated her privacy. Upon learning of the neighbor's objection to how their cameras were situated, Plaintiffs immediately and voluntarily re-positioned them as to no longer capture portions of her property that caused her complaints.

4. Despite noting that Plaintiffs' "course of conduct" had been corrected because the cameras had "been repositioned such that they point only at areas . . . in public view, which the court finds acceptable," the California Superior Court nevertheless issued a restraining order against Plaintiffs, commanding them to maintain the cameras in that position. In so doing, the superior court made no finding that Plaintiffs had broken any law with the positioning of their cameras. Nor did it make any finding that Plaintiffs posed a danger to themselves, any other person, or the public. The court never even explained exactly how Plaintiffs' action(s) met the standard for issuance of a restraining order under California law.

5. It seems that the court was choosing to split the proverbial baby. While issuing an order that placates both sides in a neighbor-dispute might make practical sense, it cannot be the basis for the wholesale denial of constitutional rights. Yet, the effect of the superior court's order is to wholly deny Plaintiffs exercise of their Second Amendment rights. Indeed, Plaintiffs have been forced to relinquish all of their firearms and ammunition to a licensed California firearms dealer for storage pending expiration of the restraining order, for which storage Plaintiffs must pay. And Plaintiffs are prohibited from acquiring other firearms in the meantime.

6. Plaintiffs thus bring this action to enjoin enforcement of California's statutory provisions prohibiting individuals subject to a restraining order from possessing and acquiring firearms or ammunition *as applied* to Plaintiffs for violating

3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

their rights under the Second Amendment and Due Process Clause of the United States Constitution. Specifically, Plaintiffs seek a declaration that California Code of Civil Procedure sections 527.6, subd. (u), and 527.9 and California Penal Code sections 29825, 27500, 27540, 30305-30306, 30370 ("the Challenged Provisions") cannot be constitutionally enforced to deny Plaintiffs access to firearms and ammunition merely as a result of a complaint by a neighbor about the positioning of security cameras that Plaintiffs had a third party install on their property in response to documented hostile actions by that neighbor—which actions a California superior court confirmed constituted "harassment" under California law—and that Plaintiffs voluntarily removed once they learned of the neighbor's objection. Barring Plaintiffs from exercising their Second Amendment rights for such innocuous behavior cannot withstand constitutional scrutiny.

7. The Second Amendment protects the right to keep and bear arms for lawful purposes, including self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 624-25 (2008). There is no substantial relation between public health, safety, morals, or the general welfare and prohibiting individuals from exercising their Second Amendment rights merely for having a company install security cameras on their private property. That is especially true when they had those cameras installed for the express purpose of self-protection against a violent and harassing neighbor against who the same court issued a restraining order and moved them when the neighbor complained that they violated her privacy. As a result, California has no legitimate, let alone compelling interest in enforcing the Challenged Provisions against Plaintiffs. Even if California did, a complete ban on Plaintiffs' constitutional rights is simply not a sufficiently tailored means to achieve that interest. As such, it cannot survive applicable Second Amendment scrutiny. What's more, the Challenged Provisions raise particularly acute substantive due process concerns because they constitute utterly arbitrary government action when applied to Plaintiffs. *See Lingle v. Chevron U.S.A. Inc.*, 554 U.S. 528, 541 (2005).

8. In sum, California's complete restriction on firearm or ammunition possession and acquisition by any person subject to a civil restraining order, regardless of the basis for the order, is unconstitutional *as applied* to Plaintiffs. As such, Plaintiffs ask this Court to declare the Challenged Provisions unconstitutional as applied to Plaintiffs and to enjoin California's enforcement of the Challenged Provisions against Plaintiffs, thereby allowing Plaintiffs to be able to possess and acquire firearms and ammunition, as is their constitutional right under the Second Amendment.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States, thus raising federal questions. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

10. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

### [Plaintiffs]

12. Plaintiffs Miranda and Richard Wallingford have been married and lived together at their home in Huntington Beach, California, for more than 50 years. They are the original owners of their home and have no children. Plaintiff Richard Wallingford currently suffers from early stages of chronic leukemia. He also suffered

5
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

a debilitating right shoulder injury that required surgery, resulting in partial and/or limited use of his right arm. Neither Plaintiff has ever been convicted of a criminal offense that would prohibit them from owning or possessing firearms under the laws of the United States or California.

13. Plaintiffs wish to exercise their Second Amendment rights but are now prevented from doing so as a result of the Challenged Provisions. But for the Challenged Provisions, Plaintiffs would immediately exercise their Second Amendment rights to acquire and possess firearms and ammunition for self-defense and other lawful purposes.

**[Defendants]**

14. Defendant Robert Bonta as the Attorney General of California. He is the chief law enforcement officer of California. Defendant Becerra is charged by Article V, Section 13 of the California Constitution with the duty to see that the laws of California are uniformly and adequately enforced. Defendant Becerra also has direct supervision over every district attorney and sheriff in all matters pertaining to the duties of their respective officers. Defendant Becerra's duties also include informing the public, local prosecutors, and law enforcement regarding the meaning of laws of California, including those prohibiting individuals from owning or possessing firearms or ammunition while subject to a Civil Harassment Restraining Order. Is sued in his official capacity.

15. The true names or capacities—whether individual, corporate, associate, or otherwise—of the Defendants named as Does 1-10, are presently unknown to Plaintiffs, and are therefore sued by these fictitious names. Plaintiffs pray for leave to amend this Complaint to show the true names or capacities of these Defendants if any when they have been determined.

16. Defendants Becerra and Does 1-10 are responsible for enforcing California's restrictions prohibiting individuals subject to a Civil Harassment

1  Restraining Order from owning or possessing firearms, and they are in fact presently
2  enforcing those provisions.
3      17.   Defendants enforce California's restrictions prohibiting individuals
4  subject to a Civil Harassment Restraining Order from owning or possessing firearms
5  against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

**GENERAL ALLEGATIONS**

**[California's Statutory Scheme]**

8      18.   California allows any person who alleges to have suffered "harassment"
9  to petition a California Superior Court to issue an order prohibiting the person(s)
10 allegedly causing the "harassment" from continuing to do so. Cal. Code Civ. Proc. §
11 527.6, (a),(g), (i). "If the judge finds by clear and convincing evidence that unlawful
12 harassment exists, an order shall issue prohibiting the harassment." Cal. Code Civ.
13 Proc. § 527.6, (i).
14     19.   California prohibits any person subject to an order issued under
15 California Code of Civil Procedure section 527.6 from acquiring, owning, or
16 possessing a firearm or ammunition. Cal. Penal Code §§ 29825, 30305. Court's must
17 order persons subject to such orders to relinquish any firearms they own or possess.
18 Cal. Code Civ. Proc. § 527.9. California also generally prohibits the sale, delivery,
19 transfer, or giving possession or control of any firearm or ammunition to a person
20 subject to such an order. Cal. Penal Code §§ 27500, 30306.

**[Right to Keep and Bear Arms]**

22     20.   The Second Amendment to the United States Constitution declares that
23 "the right of the people to keep and bear arms shall not be infringed." U.S. Const.
24 amend. II.
25     21.   As the United States Supreme Court has held, "[s]elf-defense is a basic
26 right, recognized by many legal systems from ancient times to the present day,
27 and . . . individual self-defense is 'the central component' of the Second Amendment

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

right." *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010) (quoting *Heller*, 554 U.S. at 628).

22. The Supreme Court has also held that the Second Amendment right to keep and bear arms is incorporated into the Due Process Clause of the Fourteenth Amendment and may not be infringed by state and local governments. *McDonald*, 561 U.S. at 750.

23. The Ninth Circuit has recognized that the Second Amendment protects the right of individuals to lawfully acquire firearms and ammunition. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 967-68 (9th Cir. 2014).

**[Due Process Clause]**

24. The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (collecting cases). Thus, a statute that deprives an individual of life, liberty, or property without furthering "any legitimate governmental objective" violates the Due Process Clause. *Lingle*, 554 U.S. at 542.

**[The Nature of the Dispute]**

25. Plaintiffs have lived at their home in Huntington Beach, California, for over 50 years. A large Melaleuca tree grows on the front lawn of their home. In 2013, a new neighbor, Jessica Nguyen, moved into the property next to the Wallingford's home. Shortly after, Ms. Nguyen complained about the tree and ultimately demanded its removal.

26. Plaintiffs refused to remove their tree, provoking Ms. Nguyen to falsely make assault allegations against Mr. Wallingford and to initiate several civil lawsuits against Plaintiffs concerning the tree. Ms. Nguyen also filed a petition for a

restraining order against Mr. Wallingford in connection with her false assault allegations.

27. Knowing the allegations against Mr. Wallingford were false and fearing Ms. Nguyen would make additional false allegations in the future, Plaintiffs hired a company to install several security cameras on their property to record evidence that they were the victims of Ms. Nguyen's hostility, not the other way around.

28. Before the hearing on Ms. Nguyen's petition for a restraining order against Mr. Wallingford, Plaintiffs' security cameras captured Ms. Nguyen making rude gestures directed at their cameras, damaging Plaintiffs' property, and making verbal threats.

29. A hearing on Ms. Nguyen's petition for a restraining order against Mr. Wallingford was held on August 17, 2018.

30. After considering the evidence that included viewing images from Plaintiffs' security cameras, the Orange County Superior Court of California determined that the "only clear and convincing evidence I have heard here is—well, perhaps the only [evidence] is that there's a lot of animosity by Ms. Nguyen towards her neighbor" but it does not constitute "clear and convincing evidence that there has been harassment by Mr. Wallingford toward Ms. Nguyen." The Court thus denied Ms. Nguyen's petition for a restraining order against Mr. Wallingford. The Court also dismissed all other complaints filed by Ms. Nguyen against Plaintiffs.

31. On the night of May 7, 2019, Plaintiffs' security cameras captured Ms. Nguyen pour bleach on Plaintiffs' Melaleuca tree. Plaintiffs' security cameras also captured Ms. Nguyen damaging Plaintiffs' property and making rude gestures towards their cameras.

32. Just a few weeks later, Plaintiffs' security cameras captured Ms. Nguyen yelling "pig, one shot, one shot, that's all I need, one shot."

33. And on at least three separate occasions, Ms. Nguyen made throat-slitting gestures towards Plaintiffs' cameras. One of those incidents involved the use of a cutting instrument.

34. As a result of Ms. Nguyen's continued hostility and escalation in her violent and threatening behavior, Plaintiff Miranda Wallingford filed a petition for a restraining order against Ms. Nguyen on June 17, 2019, seeking protection for both herself and her husband, Richard.

35. The following day, the court issued a temporary restraining order against Ms. Nguyen pending a hearing.

36. Before the hearing for Mrs. Wallingford's petition, on September 5, 2019, Ms. Nguyen filed two new petitions seeking restraining orders against both Plaintiffs. One alleged that Plaintiffs' security cameras constituted "harassment" under California Code of Civil Procedure section 527.6. The other raised the same false assault allegations that the court had previously rejected in August 2018.

37. Based on Ms. Nguyen's new filings, the court granted a temporary restraining order against Mr. Wallingford. The court's reasoning in issuing the temporary restraining order is unclear, as the court provided no written explanation.

38. As a result of this temporary restraining order, Mr. Wallingford was required under California law to relinquish any firearm in his possession. Cal. Code Civ. Proc. § 527.6,(u); *See also* Cal. Pen. Code § 29825. In accordance with the order and California law, Mr. Wallingford immediately transferred his firearms to a California licensed firearms dealer for storage and reported the transfer to the Court.

39. At the hearing that followed, the court recognized that it had mistakenly read the assault allegations raised in Ms. Nguyen's petition against Mr. Wallingford as new and distinct allegations from those the court had already deemed false. Nevertheless, without explanation, the court refused to dissolve the temporary restraining order that prevented Mr. Wallingford from owning or possessing firearms.

40. Plaintiffs presented evidence captured by their cameras that Ms. Nguyen continued to engage in rude and threatening behavior after she had filed her petitions and while proceedings concerning the restraining orders were ongoing.

41. Mrs. Wallingford testified that the cameras had been installed following Ms. Nguyen's original false assault allegations against Mr. Wallingford. She also testified that Ms. Nguyen's allegations were "totally unexpected, outrageous, and [that she] didn't want to not be able to have proof of some kind of allegation like that should it happen in the future."

42. Initially, Mrs. Wallingford had a company install three cameras on Plaintiffs' property, but later had it install additional cameras because "damage was being done to [Plaintiffs'] property that w[as] not completely visible from the existing original cameras."

43. Mrs. Wallingford testified that she had instructed the company's technicians to install the cameras in such a way to view Plaintiffs' property, the entrance to Plaintiffs' property from the street, and the back of Plaintiffs' property through Plaintiffs' side gate and property line, but to limit the capability of the cameras recording images of Ms. Nguyen's property.

44. No evidence was presented, either in the filings submitted or during the hearings, that Mr. Wallingford installed or otherwise directed placement of the security cameras. In fact, Mr. Wallingford was excluded from much of the hearing at Ms. Nguyen's request, while Mrs. Wallingford testified.

45. Immediately upon first learning of Ms. Nguyen's complaint about the positioning of their security cameras, Plaintiffs redirected them so that they would not capture private portions of her property. Plaintiffs did not wait to be ordered to do so by the court.

46. The court ultimately took the matters under submission and issued a decision on November 1, 2019. The court found that Mrs. Wallingford had established by "clear and convincing evidence" that Ms. Nguyen was harassing her.

To wit, the court found "no legitimate purpose to making a throat-slashing gesture towards Miranda's security cameras, or to mooning the cameras, spraying the cameras with water, or other similar conduct directed towards the cameras." The Court also found Ms. Nguyen had "no legitimate purposes to throwing leaves, bleach, or other items on [Plaintiffs'] property."

47. The Court also found that Plaintiffs had installed security cameras that captured "private areas" of Ms. Nguyen's property, but noted that "the cameras have since been repositioned such that they point only at areas of the Nguyen's residence in public view, which the court finds acceptable."

48. Nevertheless, the Court issued restraining orders against all parties, including Plaintiffs, for a period of three years. The court did not provide any findings or even explanation for why a restraining order should issue against Plaintiffs.

49. Because the Court issued restraining orders against them under California Code of Civil Procedure section 527.6, California law prohibits Plaintiffs from owning or possessing a firearm or ammunition while the order is in effect.

50. But for the Challenged Provisions, which prohibit Plaintiffs from possessing firearms or ammunition and prohibit others from providing them firearms or ammunition as a result of the restraining orders issued against them, Plaintiffs would immediately seek the return of their firearms currently in storage at a California licensed firearms dealer so that they could possess them in their homes for self-defense and other lawful purposes. Plaintiffs continue to pay storage fees for their firearms and ammunition in custody of a licensed dealer and will be forced to do so for the duration of their three-year prohibition.

**DECLARATORY JUDGMENT ALLEGATIONS**

51. There is an actual and present controversy between the parties.

52. Plaintiffs contend that the Challenged Provisions, as applied to Plaintiffs, infringe on their rights under the Second and Fourteenth Amendments to the United

States Constitution by prohibiting Plaintiffs from acquiring or possessing firearms or ammunition under threat of criminal penalty. Plaintiffs should not be forced to choose between risking criminal prosecution or economic sanctions and exercising their constitutional rights.

53. On information and belief, Plaintiffs contend that Defendants deny these contentions.

54. Plaintiffs desire a judicial declaration that the Challenged Provisions violate Plaintiffs' constitutional rights.

**INJUNCTIVE RELIEF ALLEGATIONS**

55. Plaintiffs are presently and continuously injured by Defendants' enforcement of the Challenged Provisions against them insofar as they violate Plaintiffs' rights under the Second and Fourteenth Amendments.

56. If not enjoined by this Court, Defendants will continue to enforce the Challenged Provisions in violation of Plaintiffs' constitutional rights.

57. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress the harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to California's ongoing enforcement of the Challenged Provisions against them.

**FIRST CAUSE OF ACTION**
**Violation of the Right to Keep and Bear Arms**
**U.S. Const. amend. II and XIV**
**(By All Plaintiffs Against All Defendants)**

58. Paragraphs 1-57 are realleged and incorporated by reference.

59. The Challenged Provisions, which prohibit individuals subject to an order issued under California Code of Civil Procedure section 527.6 from acquiring or possessing firearms and ammunition, act as a complete bar to Plaintiffs exercising their Second Amendment rights.

13
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

60. Plaintiffs have been denied their Second Amendment rights merely for having security cameras installed on their property in response to a violent and harassing neighbor, which cameras they voluntarily moved upon complaints by the neighbor that the cameras were invasive.

61. In issuing the restraining orders, the California Superior Court made no finding that Plaintiffs had broken any law with the positioning of their cameras. Nor did it make any finding that Plaintiffs posed a danger to any person or the public. The court never even explained exactly how Plaintiffs' action constituted "harassment" under California Code of Civil Procedure section 527.6.

62. Defendants cannot satisfy their burden to justify the constitutionality of the Challenged Provisions as applied to Plaintiffs under any level of applicable scrutiny. Such innocuous conduct simply cannot be a sufficient basis for depriving people of constitutional rights.

63. To the extent the Challenged Provisions prevent the return of Plaintiffs' firearms currently in storage at a California licensed firearms dealer, the Challenged Provisions further violate Plaintiffs' Second Amendment rights. Plaintiffs have a property interest protected under both the Second Amendment and Fourteenth Amendment.

**SECOND CAUSE OF ACTION**
**Violation of Substantive Due Process Under U.S. Const. Amend. XIV**
**42 U.S.C. § 1983**
**(Against All Defendants)**

64. Paragraphs 1-63 are realleged and incorporated by reference.

65. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend XIV. Under the Due Process Clause, the government may deprive individuals of their constitutional rights only when doing so furthers a "legitimate governmental objective." *Lingle v. Chevron USA*, 544 U.S. 528, 542 (2005).

14
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

66. Prohibiting Plaintiffs from owning or possessing firearms as a result of having security cameras installed on their property in response to a violent and harassing neighbor, which Plaintiffs voluntarily moved in response to the neighbor's complaints that they invaded her privacy, does not further any "legitimate governmental objective" in any permissible way. *Id.*

67. By making it a crime for Plaintiffs to acquire or possess firearms or ammunition while subject to a restraining order, absent any legitimate governmental objective, the Challenged Provisions deprive Plaintiffs of their constitutional rights without due process of law.

68. To the extent the Challenged Provisions prevent the return of Plaintiffs' firearms currently in storage at a California licensed firearms dealer, the Challenged Provisions likewise deprive Plaintiffs of their liberty and property interests without due process of law.

**PRAYER FOR RELIEF**

Plaintiffs pray that the Court:

1. Enter a declaratory judgment under Section 2201 of Title 22 of the United States Code that California Penal Code sections 29825, 27500, 27540, 30305-30306, and 30370, and California Code of Civil Procedure sections 527.6(u) and 527.9, are unconstitutional as applied to Plaintiffs because their application wrongly denies Plaintiffs their rights under the Second Amendment to the United States Constitution;

2. Enter a declaratory judgment under Section 2201 of Title 22 of the United States Code that California Penal Code sections 29825, 30305, 27500, 27540, 30305-30306, and 30370, and California Code of Civil Procedure sections 527.6(u) and 527.9, are unconstitutional as applied to plaintiffs because their application wrongly denies Plaintiffs their rights under the Due Process Clause to the United States Constitution.

3.  Issue an injunction enjoining Defendants and their officers, agents, and employees from enforcing California Penal Code sections 29825, 30305, 27500, 27540, 30306, and 30370, and California Code of Civil Procedure sections 527.6(u) and 527.9, against Plaintiffs;

4.  Award remedies available under section 1983 of Title 42 of the United States Code and all reasonable attorneys' fees, costs, and expenses under section 1988 of Title 42 of the United States Code or any other applicable law; and,

5.  Grant any other relief the Court deems just and proper.

Dated: August 30, 2021			**MICHEL & ASSOCIATES, P.C.**

			s/ *Sean A. Brady*
			Sean A. Brady
			Counsel for Plaintiffs