1  ROB BONTA
   Attorney General of California
2  HEATHER HOESTEREY
   Supervising Deputy Attorney General
3  RITA B. BOSWORTH
   Deputy Attorney General
4  State Bar No. 234964
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3592
6    Fax:  (415) 703-5480
     E-mail:  Rita.Bosworth@doj.ca.gov
7  *Attorneys for Rob Bonta, in his official*
   *capacity as Attorney General of the*
8  *State of California*

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  **MIRANDA WALLINGFORD and**          8:21-cv-01412-DOC-KES
    **RICHARD WALLINGFORD,**
13                                       **MEMORANDUM OF POINTS**
                                         **AND AUTHORITIES IN SUPPORT**
14                         Plaintiffs,   **OF CALIFORNIA ATTORNEY**
                                         **GENERAL ROB BONTA'S**
15           v.                          **MOTION TO DISMISS**

16  **ROB BONTA, in his official capacity**   Date:        November 1, 2021
    **as Attorney General of the State of**   Time:        8:30 a.m.
17  **California; and DOES 1-10,**            Courtroom:   9D
                                         Judge:       The Honorable
18                        Defendants.                 David O. Carter
                                         Trial Date:  Not set
19                                       Action Filed: 8/30/2021

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

LEGAL AND FACTUAL BACKGROUND .......................................................... 2

    I.     Legal Background ................................................................................ 2

    II.    The Allegations in Plaintiffs' Complaint and Facts This Court
          May Judicially Notice ........................................................................ 3

LEGAL STANDARDS ......................................................................................... 5

ARGUMENT ......................................................................................................... 6

    I.     The *Rooker-Feldman* Doctrine Bars Consideration of Plaintiffs'
          Claims ................................................................................................. 6

    II.    The *Younger* Abstention Doctrine Prevents Federal Courts from
          Interfering with State Proceedings ..................................................... 8

CONCLUSION .................................................................................................... 11

i

1

# TABLE OF AUTHORITIES

2

3

**Page**

4

CASES

5

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990) ................................................................. 5

6

7

*Bianchi v. Rylaarsadam*
    334 F.3d 895 (9th Cir. 2003) ........................................................ 6, 7, 8

8

9

*Brekke v. Wills*
    125 Cal. App. 4th 1400 (2005) .............................................................. 2

10

11

*Brillhart v. Excess Ins. Co. of Am.*
    315 U.S. 491 (1942) ............................................................................ 10

12

13

*Cervantes v. Countrywide Home Loans, Inc.*
    656 F.3d 1034 (9th Cir. 2011) ............................................................... 5

14

15

*Chandler v. State Farm Mut. Auto. Ins. Co.*
    598 F.3d 1115 (9th Cir. 2010) ............................................................... 5

16

17

*Courthouse News Service v. Planet*
    750 F.3d 776 (9th Cir. 2014) ................................................................. 5

18

*DeHoog v. Anheuser-Bush InBev SA/NV*
    899 F.3d 758 (9th Cir. 2019) ................................................................. 4

19

20

*Dist. Of Columbia Ct. of Appeals v. Feldman*
    460 U.S. 462 (1983) .......................................................................... 6, 7

21

22

*District of Columbia v. Heller*
    554 U.S. 570 (2008) ............................................................................. 3

23

24

*Doe & Assocs. Law Offices v. Napolitano*
    252 F.3d 1026 (9th Cir. 2001) ............................................................... 6

25

26

*Ensworth v. Mullvain*
    224 Cal. App. 3d 1105 (1990) ............................................................ 2, 7

27

*Glaser v. Meserve*
    2013 WL 1460339 (Cal. Ct. App. 2d. Apr. 11, 2013) ........................... 3

28

1
2

# TABLE OF AUTHORITIES
## (continued)

Page

3
4

*Gov't Employees Ins. Co. v. Dizol*
   133 F.3d 1220 (9th Cir. 1997) ........................................................ 10

5
6

*Hirsh v. Justices of the Supreme Ct.*
   67 F.3d 708 (9th Cir. 1995) ............................................................. 8

7
8

*Huth v. Hartford Ins. Co. of the Midewest*
   298 F.3d 800 (9th Cir. 2002) ......................................................... 10

9
10

*Keyes v. Biro*
   2018 WL 272849 (Cal. Ct. App. 2d. Jan. 2, 2018) ......................... 9

11

*Lebbos v. Judges of the Super. Ct.*
   883 F.2d 810 (9th Cir. 1989) ........................................................... 9

12
13

*Lilienthal v. Crawford*
   2017 WL 3393062 (Cal. Ct. App. 2d. Aug. 8, 2017) ...................... 9

14
15

*Madsen v. Women's Health Center, Inc.*
   512 U.S 753 (1994) .......................................................................... 9

16
17

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*
   540 F.3d 1049 (9th Cir. 2008) ......................................................... 5

18
19

*N. Star Int'l v. Ariz. Corp. Comm'n*
   720 F.2d 578 (9th Cir. 1983) ........................................................... 5

20
21

*People v. Delacy*
   192 Cal. App. 4th 1481 (2011) ........................................................ 3

22

*Rooker v. Fidelity Trust Co.*
   263 U.S. 413 (1923) ......................................................................... 6

23
24

*Schraer v. Berkeley Property Owners Ass'n*
   207 Cal. App. 3d 719 (1989) ........................................................... 2

25
26

*United States v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ........................................................... 4

27
28

*W. Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981) ........................................................... 5

**TABLE OF AUTHORITIES**
(continued)

Page

*Wilton v. Seven Falls Co.*
    515 U.S. 277 (1995) ........................................................................ 10

*Worldwide Church of God v. McNair*
    805 F.2d 888 (9th Cir. 1986) ............................................................ 6

*Younger v. Harris*
    401 U.S. 37 (1971) .............................................................. 1, 8, 10

**STATUTES**

United States Code, Title 28
    § 2201 ........................................................................................ 10
    § 2201(a) .................................................................................... 10

1978 California Statutes, Chapter 1307
    § 1 ................................................................................................ 9

California Code of Civil Procedure
    § 527.6 ............................................................................ 2, 3, 7, 9
    § 527.6(i) ...................................................................................... 2
    § 527.6(j)(1) ............................................................................. 3, 9
    § 527.6(u) ..................................................................................... 2
    § 527.9 ......................................................................................... 3
    § 904.1(a)(6) ................................................................................ 9

California Penal Code
    § 27500 ........................................................................................ 2
    § 27540 ........................................................................................ 2
    § 29825 ........................................................................................ 2
    § 30305 ........................................................................................ 2
    § 30306 ........................................................................................ 2
    § 30370 ........................................................................................ 2

**COURT RULES**

California Rules of Court
    Rule 8.104 .................................................................................... 9

iv

1

2

# TABLE OF AUTHORITIES
## (continued)

**Page**

Federal Rules of Civil Procedure
    Rule 12(b)(1) ...............................................................................5
    Rule 12(b)(6) ...............................................................................5

Federal Rules of Evidence
    Rule 201(b)(2) ..............................................................................4
    Rule 201(c)(2) ..............................................................................4

Local Court Rules
    Rule 7 ..........................................................................................4
    Rule 8 ..........................................................................................4
    Rule 9 ..........................................................................................4

**OTHER AUTHORITIES**

Aaron M. Jolly, *Patchwork of Protection: American Regulation of Domestic Gun Violence*, 53 No. 4 Crim. Law. Bull. Art. 2 (2016).....................9

v

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs Richard and Miranda Wallingford have been engaged in a longstanding feud with their neighbor, Jessica Nguyen, since 2013. The dispute has escalated over the years, with both parties ultimately filing for restraining orders against one another in Orange County Superior Court. On November 1, 2019, the Orange County Superior Court granted three-year civil harassment restraining orders against both Plaintiffs as well as Nguyen. The restraining order against Plaintiffs prohibits them from owning or possessing firearms or ammunition while the order is in effect. Rather than raising this issue before the state court, which has exclusive jurisdiction in this case, plaintiffs have bypassed multiple avenues for relief and improperly filed a collateral attack on the state court judgment in federal court.

Plaintiffs' complaint alleges that California's statutes prohibiting those subject to civil restraining orders from possessing or acquiring firearms or ammunition are unconstitutional as applied to Plaintiffs. Specifically, Plaintiffs contend that the challenged provisions violate the Second Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment. However, the Court should not even reach the substantive issues raised because this Court does not have jurisdiction to hear the case.

This Court lacks jurisdiction for two reasons. *First,* plaintiffs are prohibited from collaterally attacking state judgments in federal court pursuant to the *Rooker-Feldman* doctrine. *Second,* consistent with long-standing principles of judicial economy and comity, the Court should abstain from exercising jurisdiction over Plaintiffs' claims against Attorney General Bonta pursuant to the *Younger* doctrine. Plaintiffs' complaint, at its core, a misplaced attempt to contest the superior court judgment and sidestep the state's exclusive jurisdiction over state laws. The Court should reject this improper attack on the superior court's order and dismiss with prejudice all claims against defendant.

1

## LEGAL AND FACTUAL BACKGROUND

### I.   LEGAL BACKGROUND

California Code of Civil Procedure section 527.6 sets forth a framework for people who suffer "harassment" to obtain a restraining order and injunction prohibiting further harassment. *Brekke v. Wills* 125 Cal. App. 4th 1400, 1412 (2005). The statute was enacted "to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California constitution." *Schraer v. Berkeley Property Owners Ass'n*, 207 Cal. App. 3d 719, 729 (1989) (citing Stats. 1978, ch. 1307, § 1, p. 4294; Cal. Const., art I, § 1).

The statute was designed to supplement existing law by providing an expedited procedure to harassment victims. *Schraer*, 207 Cal. App. 3d at 730. All parties have access to due process protections before a permanent restraining order is issued, including the ability to submit evidence and testify at trial. Cal. Code Civil Proc. § 527.6(i). If a court finds "by clear and convincing evidence that unlawful harassment exists," then "an order shall issue prohibiting the harassment." *Id.* Notably, "[section 527.6] does not require the court to make a specific finding on the record that harassment exists, nor does it require specific findings of the statutory elements of harassment." *Ensworth v. Mullvain* 224 Cal. App. 3d 1105, 1112 (1990). The granting of the injunction itself necessarily implies that the trial court found all the necessary elements of unlawful harassment. *Id.*

Both the California Code of Civil Procedure and Penal Code instruct that a person subject to a restraining order "shall not own, possess, purchase, receive, or attempt to purchase or receive a firearm or ammunition while the protective order is in effect." Cal. Code Civ. Proc. § 527.6(u); Cal. Pen. Code §§ 29825, 30305, 30370 (prohibiting anyone subject to a restraining order from possessing or purchasing firearms or ammunition); Cal. Pen. Code §§ 27500, 27540, 30306 (prohibiting dealers from selling or delivering firearms or ammunition to anyone subject to a restraining order). Prohibited persons must relinquish any firearms they own or

possess within 24 hours of being served with the order. Cal. Code Civ. Proc. §
527.9. The court has discretion to issue the restraining order for no more than five
years, and the order is "subject to termination or modification by further order of
the court either on written stipulation filed with the court or on the motion of a
party." *Id.* § 527.6(j)(1).

While the Second Amendment to the United States Constitution protects an
individual's right to possess firearms, that right is not unlimited. *District of
Columbia v. Heller*, 554 U.S. 570 (2008). "*Heller* recognized and affirmed certain
traditional limitations on the right to bear arms," and "identified an expressly
nonexclusive list of 'presumptively lawful regulatory measures.'" *People v. Delacy*,
192 Cal. App. 4th 1481, 1487 (2011). California's statutes prohibiting individuals
subject to restraining orders from possessing firearms are lawful regulatory
measures that do not violate the Second Amendment. *Glaser v. Meserve*, 2013 WL
1460339, *7 (Cal. Ct. App. 2d. Apr. 11, 2013) (holding that "the firearms
restrictions in section 527.6 do not run afoul of the Second Amendment.").

## II. THE ALLEGATIONS IN PLAINTIFFS' COMPLAINT AND FACTS THIS COURT MAY JUDICIALLY NOTICE

Beginning in or around 2013, Plaintiffs had a dispute with their neighbor,
Jessica Nguyen, over a tree in front of their home. Complaint ¶ 25. The dispute
escalated, and in 2018, Ms. Nguyen made assault allegations against Plaintiff
Richard Wallingford and filed a petition for a restraining order against him. *Id.* ¶
26. Plaintiffs subsequently had several security cameras installed to monitor Ms.
Nguyen. *Id.* ¶ 27. On August 17, 2018, the court denied Ms. Nguyen's petition for a
restraining order and dismissed all other complaints filed by Ms. Nguyen against
Plaintiffs.

On June 17, 2019, Plaintiff Miranda Wallingford filed a petition for a
temporary restraining order against Ms. Nguyen, which was granted. *Id.* ¶ 34. Prior
to the hearing, on September 5, 2019, Ms. Nguyen filed two new petitions seeking

1    temporary restraining orders against both Plaintiffs, alleging that the security

2    cameras constituted harassment and raising the assault allegations from 2018. *Id*. ¶

3    36. The court also granted Ms. Nguyen's petitions, and Plaintiff Richard

4    Wallingford subsequently transferred his firearms to a California licensed firearms

5    dealer for storage. *Id*. ¶ 38.

6          At the trial on the restraining orders, the court heard testimony and considered

7    evidence from all parties. *Id*. ¶¶ 40-44. The court found that Plaintiffs' security

8    cameras captured "private areas" of Ms. Nguyen's property, though it

9    acknowledged that they had since been repositioned. *Id*. ¶ 47. On November 1,

10   2019, the court granted the restraining orders as to both Plaintiffs and Ms. Nguyen

11   for a period of three years. *Id*. ¶ 48. In a written judgment, the court held:

12         The court finds Nguyen has established by clear and convincing evidence
           harassment by Miranda and Richard within the meaning of CCP § 527.6.
13         The court finds Miranda and Richard engaged in a knowing and willful
           course of conduct directed at a specific person that seriously alarms,
14         annoys, or harasses that person, and that serves no legitimate purpose;
           that there is a reasonable probability future [harassment would] occur
15         absent a protective order; and that Nguyen has suffered substantial
           emotional distress and a reasonable person would suffer substantial
16         emotional distress if subjected to Miranda's and Richard's conduct.

17   See Declaration of Sean Brady in Support of Plaintiffs' Motion for Preliminary

18   Injunction (Dkt. 12-2), Ex. N.[1]

19   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
          [1] Pursuant to this Court's Order Granting Stipulation Setting Briefing and
20   Hearing Schedule (Dkt. 15), the parties are authorized to file combined briefing on
     Defendant's Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction.
21   Pursuant to Local Rule 7-9, Defendant's opposition to Plaintiffs' Motion for
     Preliminary Injunction was originally due on September 27, 2021. In consideration
22   of this Court's standing order regarding extension of deadlines, Defendant filed his
     opposition to Plaintiffs' Motion for Preliminary injunction on September 27, 2021
23   (Dkt. 14), before the entry of this court's order. The parties otherwise intend to
     adhere to the stipulated briefing schedule and Order, and, to the extent combined
24   briefing is required, Defendant herein incorporates by reference his Opposition to
     the Motion for Preliminary Injunction (Dkt. 14). For the purposes of this Motion to
25   Dismiss, Defendant respectfully requests this Court take judicial notice of the state
     court judgment, which has been supplied to this Court by Plaintiffs in connection
26   with their Motion for Preliminary Injunction (see Dkt. 12-2), and is referenced in
     the complaint. See Fed. R. Evid. 201(b)(2), 201(c)(2); see also *DeHoog v.*
27   *Anheuser-Bush InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2019) (taking judicial
     notice of "government documents, court filings, press releases, and undisputed
28   matters of public record"); *United States v. Ritchie*, 342 F.3d 903, 907-09 (9th Cir.

Plaintiffs do not allege that they ever sought to modify, terminate, or appeal the restraining order, nor do they allege that they ever raised any constitutional issues in state court.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a claim for lack of subject matter jurisdiction. The Court's "[r]eview is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *See, e.g., Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008). Although the court must accept the allegations of the complaint as true, the burden of proof is on the party asserting federal subject matter jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1121-22 (9th Cir. 2010). The court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint or of any claim within it "can be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).[2]

Dismissal without leave to amend is appropriate when deficiencies in the complaint could not possibly be cured by amendment. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011).

_____

2003) (noting court may properly take judicial notice of documents referenced in complaint on motion to dismiss).

[2] The Ninth Circuit "ha[s] not squarely held whether abstention is properly raised under Rule 12(b)(6), Rule 12(b)(1), both, or neither." *Courthouse News Service v. Planet*, 750 F.3d 776, 779 n.2 (9th Cir. 2014). As such, Defendant files this motion pursuant to both Rule 12(b)(1) and 12(b)(6).

1

## ARGUMENT

2    **I.    THE *ROOKER-FELDMAN* DOCTRINE BARS CONSIDERATION OF PLAINTIFFS' CLAIMS**

3

4        The *Rooker-Feldman* doctrine is an independent bar to the Court's

5    consideration of Plaintiffs' claims against Attorney General Bonta. *Rooker v.*

6    *Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist. Of Columbia Ct. of Appeals*

7    *v. Feldman*, 460 U.S. 462, 486-87 (1983). "The purpose of the [*Rooker-Feldman*]

8    doctrine is to protect state judgments from collateral federal attack. Because district

9    courts lack power to hear direct appeals from state court decisions, they must

10   decline jurisdiction whenever they are 'in essence called upon to review the state

11   court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030

12   (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). A district court may not

13   adjudicate an action that seeks to reverse or nullify a state court judgment, nor may

14   it adjudicate issues that are "inextricably intertwined" with those adjudicated by the

15   state court. *Feldman*, 460 U.S. at 486-87.

16       Importantly, the *Rooker-Feldman* doctrine "applies even when the challenge

17   to the state court decision involves constitutional issues." *Worldwide Church of*

18   *God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986). As the Ninth Circuit has

19   explained:

20       It is immaterial that [Plaintiff] frames his federal complaint as a
         constitutional challenge to the state courts' decisions rather than as a
21       direct appeal of those decisions. The *Rooker-Feldman* doctrine prevents
         lower federal courts from exercising jurisdiction over any claim that is
22       "inextricably intertwined" with the decisions of a state court, *even where*
         *the party does not directly challenge the merits of the state court's*
23       *decision* but rather brings an indirect challenge based on constitutional
         principles. Thus, *Rooker-Feldman* bars federal adjudication of any suit in
24       which a plaintiff alleges an injury based on a state court judgment and
         seeks relief from that judgment, not only direct appeals from a state
25       court's decision.

26   *Bianchi v. Rylaarsadam*, 334 F.3d 895, 900, n.4 (9th Cir. 2003) (emphasis added,

27   citations omitted).

28

1    Here, Plaintiffs make a very fact-dependent claim that the challenged statutes

2    are unconstitutional *as applied* to the specific circumstances of their case.

3    Complaint ¶¶ 8, 60-62, 66. This is not a general challenge to the face of the statute,

4    it is a challenge that is exclusive to and therefore inextricably intertwined with this

5    judgment. Plaintiffs complain that the state court "made no finding that Plaintiffs

6    had broken any law with the positioning of their cameras," that it did not "make any

7    finding that Plaintiffs posed a danger to any person or the public," and that it "never

8    even explained exactly how Plaintiffs' action constituted 'harassment.'" Complaint

9    ¶ 61. However, section 527.6 "does not require a statement of the court's findings

10    of fact," it "does not require the court to make a specific finding on the record that

11    harassment exists, nor does it require specific findings of the statutory elements of

12    harassment." *Ensworth*, 224 Cal. App. 3d at 1112. "The granting of the injunction

13    itself necessarily implies that the trial court found [the defendant] knowingly and

14    willfully engaged in a course of conduct that seriously alarmed, annoyed, or

15    harassed" plaintiff, and that plaintiff "actually suffered emotional distress." *Id.*

16    Plaintiffs clearly disagree with the judgement and wish to challenge the superior

17    court's findings of fact, but this Court does not have jurisdiction to do what they

18    ask. *Rooker-Feldman* instructs that this "indirect challenge based on Constitutional

19    principles" must be dismissed. *Bianchi*, *supra,* at n. 4.

20    Whether or not the state court ruled correctly is of no concern here. All that

21    matters is that Plaintiffs allege an injury that stems from the state court judgment.

22    "The *Rooker-Feldman* doctrine does not require us to determine whether or not the

23    state court fully and fairly adjudicated the constitutional claim." *See Feldman*, 460

24    U.S. at 488. "If the injury alleged resulted from the state court judgment itself,

25    *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi*,

26    334 F.3d at 900 (*quoting Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)).

27    Indeed, even if the state court made an erroneous ruling on the facts, Plaintiffs

28    cannot bring the challenge to federal court. *Rooker-Feldman* bars an action when

1  "the plaintiffs' injury stemmed from the state judgment—an erroneous judgment,

2  perhaps, entered after procedures said to be unconstitutional, but a judgment

3  nonetheless." *Bianchi*, 334 F.3d at 901 (*quoting GASH Associates v. Village of*

4  *Rosemont, Ill*, 995 F.2d 726,728 (7th Cir. 1993)). Here, there is no reason to believe

5  that the state court erred. But even if it did, *Rooker-Feldman* bars relief in federal

6  court.

7       Plaintiffs frame their disagreement with the state law as a constitutional

8  challenge, but in actuality it is a collateral attack on a state court judgment over the

9  facts in these particular circumstances. The superior court entered a judgment on

10 the facts of this case, Plaintiffs claim an injury that stems directly from that

11 judgment, and therefore this Court lacks jurisdiction. Plaintiffs' claims should be

12 dismissed without leave to amend.

13 **II.    THE *YOUNGER* ABSTENTION DOCTRINE PREVENTS FEDERAL COURTS**
        **FROM INTERFERING WITH STATE PROCEEDINGS**
14

15      Alternatively, the Court could resolve this matter by abstaining from

16 exercising its jurisdiction and by using its discretion to dismiss the case.

17      The *Younger* abstention doctrine directs federal courts to abstain from granting

18 injunctive or declaratory relief that would interfere with pending state judicial

19 proceedings. *Hirsh v. Justices of the Supreme Ct.,* 67 F.3d 708, 712 (9th Cir. 1995),

20 citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). Absent "extraordinary

21 circumstances," abstention in favor of state judicial proceedings is required if the

22 state proceedings (1) are ongoing, (2) implicate important state interests, and (3)

23 provide the plaintiff an adequate opportunity to litigate federal claims. *Hirsh*, 67

24 F.3d at 712, citing *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457

25 U.S. 423, 432 (1982). Abstention is appropriate based on "interests of comity and

26 federalism [that] counsel federal courts to abstain from jurisdiction whenever

27 federal claims could have been or could be presented in ongoing state judicial

28

1    proceedings that concern important state interests." *Lebbos v. Judges of the Super.*

2    *Ct.*, 883 F.2d 810, 813 (9th Cir. 1989).

3        All three abstention criteria are satisfied here. First, Plaintiffs' state judicial

4    proceedings are ongoing. The restraining order against Plaintiffs was issued on

5    November 1, 2019, and it will be in place for 3 years. Complaint ¶¶ 46, 48. It

6    remains "subject to termination or modification by further order of the court," Cal.

7    Code Civ. Proc. § 527.6(j)(1). Moreover, each new or modified restraining order is

8    subject to immediate appeal. *See* Cal. Civ. Proc. Code § 904.1(a)(6), Cal. Rules of

9    Court 8.104. As such, the proceeding is ongoing. *Lilienthal v. Crawford*, 2017 WL

10   3393062 at *2 (Cal. Ct. App. 2d. Aug. 8, 2017) (finding that final civil harassment

11   restraining order could be challenged because it was still in effect).

12       Second, Plaintiffs' state-court litigation implicates important state interests.

13   The Supreme Court has identified the broad common law "right to be let alone" that

14   is "an 'interest' that states can choose to protect in certain situations." *Keyes v.*

15   *Biro*, 2018 WL 272849 *7, n. 5 (Cal. Ct. App. 2d. Jan. 2, 2018) (quoting *Hill v.*

16   *Colorado*, 530 U.S. 703, 717, n. 29 (2000)); *see also Madsen v. Women's Health*

17   *Center, Inc.*, 512 U.S 753, 775 (1994) ("the State's interest in protecting the well-

18   being, tranquility, and privacy of the home is certainly of the highest order in a free

19   and civilized society.").  Indeed, California enacted section 527.6 with the express

20   purpose "to protect the individual's right to pursue safety, happiness and privacy as

21   guaranteed by the California constitution." (Stats. 1978, ch. 1307, § 1, p. 4294). In

22   addition, promoting policies and laws that reduce gun violence unequivocally

23   advances a state interest. *See* Aaron M. Jolly, *Patchwork of Protection: American*

24   *Regulation of Domestic Gun Violence*, 53 No. 4 Crim. Law. Bull. Art. 2 (2016) (As

25   a result of domestic gun violence, the California legislature enacted more than thirty

26   laws, including laws reducing access to weapons by those deemed too dangerous to

27   possess firearms). Indeed, California's increased regulation of firearms has led to a

28   steep decline in gun violence in the state. *See* U.S. Ctr. For Disease Control &

Prevention – Nat'l Ctr. For Injury Prevention & Control, Web-based Injury Statistics Query & Reporting System (WISQARS), 1981-2019 Fatal Injury Report, http://webappa.cdc.gov/sasweb/ncipc/mortrate9.html (last accessed Sept. 17, 2021) (documenting that firearm death rates in California dropped by more than half from 1981 to 2021). The state has an interest in keeping people safe, and regulating firearms is an effective and permissible means to do so.

Third, Plaintiffs had an adequate opportunity to raise federal issues in their state court proceeding. They were free to appeal the order, make a motion to modify or terminate the order, and challenge the constitutionality of the statutes in state court. All of these actions are jurisdictionally permissible. They did none of these things, and instead are attempting to collaterally attack the state court decision in federal court. Even if they had availed themselves of any or all avenues for relief available to them in the state, the Court would still be required to abstain from exercising its jurisdiction because all three *Younger* criteria have been met. The Court should abstain from exercising jurisdiction over Plaintiffs' claims.

Finally, to the extent Plaintiffs rely on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), as a basis for jurisdiction, federal district courts have discretion to decline to exercise jurisdiction under that Act. *See, e.g., Wilton v. Seven Falls Co.,* 515 U.S. 277, 282-83 (1995); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1997) (en banc). In exercising that discretion, "[a] district court should [1] avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." *Huth v. Hartford Ins. Co. of the Midewest*, 298 F.3d 800, 803 (9th Cir. 2002). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart v. Excess Ins. Co. of Am.*, 315 U.S. 491, 495 (1942). Here, the Court should use its discretion to decline to consider the declaratory relief Plaintiffs seek pursuant to section 2201 because this is a state law issue that belongs in state

court. Allowing this case to go forward would open the floodgates to litigation in
federal courts that rightfully belongs in the state, it would encourage forum
shopping, and it would duplicate litigation in the state.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss all claims against
Defendant without leave to amend.

Dated:  October 4, 2021                    Respectfully submitted,

                                          ROB BONTA
                                          Attorney General of California
                                          HEATHER HOESTEREY
                                          Supervising Deputy Attorney General

                                              */s/ Rita B. Bosworth*

                                          RITA B. BOSWORTH
                                          Deputy Attorney General
                                          *Attorneys for Rob Bonta, in his official
                                          capacity as Attorney General of the
                                          State of California*

SA2021304326
42863081.docx