C.D. Michel – SBN 144258
Sean A. Brady – SBN 262007
Matthew D. Cubeiro – SBN 291519
Alexander A. Frank – SBN 311718
Konstadinos T. Moros – SBN 306610
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile: (562) 216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIRANDA WALLINGFORD and RICHARD WALLINGFORD,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ROBERT BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>                Defendants. | Case No.: 8:21-cv-01412 DOC (KESx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:  November 1, 2021<br>Hearing Time:  8:30 a.m.<br>Judge:         Hon. David O. Carter<br>Courtroom:    9D<br><br>Action Filed: August 30, 2021 |

1

**TABLE OF CONTENTS**

2

**Page**

3

Table of Contents ..................................................................................................i

4

Table of Authorities ............................................................................................ii

5

Introduction ........................................................................................................1

6

Background ..........................................................................................................2

7

Argument .............................................................................................................3

8

I.      *Rooker-Feldman* Doctrine Does Not Apply to Plaintiffs' Claims ...........3

9

II.     *Younger* Abstention Doctrine Does Not Apply to Plaintiffs' Claims ......5

10

      A.      There is no ongoing state proceeding ........................................6

11

      B.      This case is not eligible for *Younger* abstention ........................7

12

      C.      No important state interest is implicated ....................................8

13

      D.      Plaintiffs had no meaningful opportunity to raise their constitutional challenge in the state court proceeding ......................................9

14

15

      E.      This matter is exempt from the *Younger* abstention doctrine ......10

16

17

III.    Plaintiffs' Preliminary Injunction Request Should Be Granted .............11

18

      A.      Attorney General Bonta cannot show that Plaintiffs are not likely to succeed on the merits of their Second Amendment claim, let alone that Plaintiffs have failed to state such a claim ..........................11

19

20

21

      B.      The equitable factors for a preliminary injunction to issue favor Plaintiffs ..............................................................................14

22

23

      C.      Plaintiffs need not meet the heightened standard for mandatory injunctions because they do not seek one ..............................16

24

25

Conclusion .........................................................................................................17

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Roden,*
    495 F.3d at 1151 ................................................................ 6

*Anderson v. United States,*
    612 F.2d 1112 (9th Cir. 1979) ....................................... 16

*Ariz. Dream Act Coal. v. Brewer,*
    757 F.3d 1053 (9th Cir. 2014) ....................................... 16

*Bell v. City of Boise,*
    709 F.3d 890 (9th Cir. 2013) ........................................... 3

*Bianchi v. Rylaarsdam,*
    334 F.3d 895 (9th Cir. 2003) ........................................... 4

*Bookout v. Nielsen,*
    155 Cal. App. 4th 1131 (2007) ..................................... 10

*Cont'l W. Ins. Co. v. Costco Wholesale Corp.,*
    No. C10-1987 RAJ, 2011 U.S. Dist. LEXIS 90886 (W.D. Wash. Aug. 15, 2011) ..... 12

*Cook v. Harding,*
    879 F.3d 1035 (9th Cir. 2018) ......................................... 7

*Cooper v. Ramos,*
    704 F.3d 772 (9th Cir. 2012) ...................................... 3, 4

*District of Columbia v. Heller,*
    554 U.S. 570 (2008).......................................... 9, 11, 12

*Elrod v. Burns,*
    427 U.S. 347 (1976)..................................................... 10

*Exmundo v. Kevorkian,*
    No. 1:08-cv-00765-SMS-PC, 2009 U.S. Dist. LEXIS 16155
    (E.D. Cal. Feb. 12, 2009)............................................. 11

TABLE OF CONTENTS

*Franklin v. Cmty. Reg'l Med. Ctr.*,
   No. 1:19-cv-00709-SKO, 2019 U.S. Dist. LEXIS 211925
   (E.D. Cal. Dec. 6, 2019) ............................................................ 12

*Gilbertson v. Albright*,
   381 F.3d 965 (9th Cir. 2004) ....................................................... 6

*Glaser v. Meserve*,
   2013 WL 1460339 (Cal. Ct. App. 2d. Apr. 11, 2013) ....................... 11, 12

*Glaser v. Meserve*
   (Apr. 11, 2013, No. B240385) ___Cal.App.4th___ [2013 Cal. App. Unpub.
   LEXIS 2579, ] ........................................................................ 12

*Hans v. Louisiana*,
   134 U.S. 1 (1890) ..................................................................... 12

*Hernandez v. Sessions*,
   872 F.3d 976 (9th Cir. 2017) ................................................... 16, 17

*Klein v. City of San Clemente*,
   584 F.3d 1196 (9th Cit. 2009) ................................................... 15

*Kougasian v. TMSL, Inc.*,
   359 F.3d 1136 (9th Cir. 2004) ..................................................... 3

*Kugler v. Helfant*,
   421 U.S. 117 (1975) .................................................................. 10

*Liggins v. People*,
   No. ED CV 09-00339-FMC (VBK), 2009 U.S. Dist. LEXIS 98448
   (C.D. Cal. Feb. 24, 2009) ............................................................ 5

*Maldonado v. Harris*,
   370 F.3d 945 (9th Cir. 2004) ....................................................... 3

*Melendres v. Arpaio*,
   695 F.3d 990 (9th Cir. 2012) ...................................................... 10

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*,
   457 U.S. 423 (1982) ................................................................... 7

*Miller v. Cal. Pac. Med. Ctr.*,
   991 F.2d 536 (9th Cir. 1993) ...................................................... 15

iii
TABLE OF CONTENTS

*Morrison v. Peterson*,
    809 F. 3d 1059 (9th Cir. 2015) ........................................................ 5

*Aguayo ex rel. NLRB v. Tomco Carburetor Co.*,
    853 F.2d 744 (9th Cir. 1988) ......................................................... 15

*Noel v. Hall*,
    341 F.3d 1148 (9th Cir. 2003) ......................................................... 3

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*,
    754 F.3d 754 (9th Cir. 2014) ....................................................... 6, 9

*Rynearson v. Ferguson*,
    903 F.3d 920 (9th Cir. 2018) ....................................................... 7, 8

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v.*
    *City of San Jose*,
    546 F.3d 1087 (9th Cir. 2008) ......................................................... 8

*Skinner v. Switzer*,
    562 U.S. 521 (2011) ....................................................................... 4

*Solien v. Merchs. Home Delivery Serv., Inc.*,
    557 F.2d 622 (8th Cir. 1977) ......................................................... 15

*Sprint Communs., Inc. v. Jacobs*,
    571 U.S. 69 (2013) ..................................................................... 6, 7

*United States v. Chovan*,
    735 F.3d 1127 (9th Cir. 2013) ............................................. 12, 13, 14

*Vacation Vill., Inc. v. Clark Cty.*,
    497 F.3d 902 (9th Cir. 2007) ......................................................... 3

*Younger v. Harris*,
    401 U.S. 37 (1971) ................................................................. *passim*

**Statutes**

18 U.S.C. § 1983 ................................................................................ 5

28 U.S.C. § 1331 .............................................................................. 11

Cal. Code Civ. Proc., § 527.6 ..................................................... *passim*

iv

TABLE OF CONTENTS

**Other Authorities**

Assem. B. 108, 1991-1992 Reg. Sess. (Cal. 1991), 1991 Cal. Stats. 4415 ....................... 13

Cal. Rule of Court 8.1115 ............................................................................. 12

Fed. R. App. Proc., 32.1 .............................................................................. 12

U.S. Const., amend., II ........................................................................*passim*

v

TABLE OF CONTENTS

1

**INTRODUCTION**

2      Plaintiffs bring this action seeking relief from application of California's statutorily

3  mandated prohibition on possessing or acquiring firearms for *anyone* subject to a civil

4  restraining order issued under section 527.6 of the California Code of Civil Procedure on

5  the grounds that the "Challenged Provisions" violate their Second Amendment rights. At

6  the request of a neighbor against whom Plaintiffs successfully sought a restraining order,

7  a California state court also issued restraining orders against Plaintiffs because the

8  neighbor claimed that security cameras installed on Plaintiffs' home to protect them from

9  her confirmed hostility constituted harassment, despite the court acknowledging that

10  Plaintiffs had already voluntarily moved the cameras upon learning of the neighbor's

11  objections.

12      Plaintiffs do not dispute the issuance of the underlying restraining orders but rather

13  the denial of their Second Amendment rights for such innocuous behavior. Because

14  Plaintiffs' are wrongly being denied their constitutional rights, an ongoing irreparable

15  harm that benefits nobody, they seek a preliminary injunction to restore their rights

16  pending resolution of this litigation. In response, Attorney General Bonta argues that

17  Plaintiffs' claims should be dismissed as barred under both the *Rooker-Feldman* and

18  *Younger* abstention doctrines. Neither of those doctrines applies here.

19      *Rooker-Feldman* does not apply because Plaintiffs do not assert that the state court

20  made any errors. Plaintiffs do not seek relief from their underlying restraining orders. Nor

21  do they contest any of the state court's factual or legal findings in issuing those orders.

22  They simply and reasonably contend that their having security cameras installed on their

23  property to document that they were the victims of a threatening and deceptive neighbor,

24  which cameras confirmed their account and which they repositioned voluntarily upon

25  learning of the neighbor's objection to them, cannot be sufficient to deprive them of their

26  constitutional rights. *Younger* does not apply here either for the simple fact that there is

27  no ongoing proceeding in state court. Even if there was, however, that proceeding would

28  not involve the type of quasi-criminal proceedings that afford litigants an adequate

1

opportunity to raise federal claims that *Younger* exclusively applies to. Nor would it involve any important state interest or interfere with state courts' enforcement powers. Perhaps most importantly, accepting Attorney General Bonta's abstention requests here would necessarily mean that no one could ever bring a federal action regarding any aspect of a state-court issued restraining order. That simply cannot be right and, in fact, is not right under Ninth Circuit precedent. This Court should reject that notion.

Attorney General Bonta also makes a halfhearted attempt to argue that Plaintiffs' Second Amendment claims are barred as a matter of law and should be dismissed or are, at least, not likely to succeed so Plaintiffs' preliminary injunction request should be denied. In doing so, he relies entirely on a single, unpublished state court opinion that is in conflict with Ninth Circuit precedent. And he makes zero attempt to meet his burden under heightened scrutiny. His argument thus plainly fails.

Accordingly, Plaintiffs' Motion for Preliminary Injunction should be granted and Attorney General Bonta's Motion to Dismiss should be denied.

## BACKGROUND

After having a civil restraining order issued against them by a state court under section 527.6 of the California Code of Civil Procedure, Plaintiffs challenged California's firearm possession restrictions on any individual subject to a section 527.6 restraining order on the grounds that those restrictions, as-applied to Plaintiffs, violate their Second Amendment rights. To that end, Plaintiffs filed a Motion for Preliminary Injunction to stop enforcement of the Challenged Provisions pending resolution of this matter. *See* Plaintiffs' Motion for Preliminary Injunction, Dkt. 12-1 ("MPI"). In response, Attorney General Bonta has filed an opposition to Plaintiffs' preliminary injunction motion and a motion to dismiss Plaintiffs' Second Amendment claims, primarily on the grounds that this Court lack jurisdiction to hear Plaintiffs' claims under both the *Rooker-Feldman* and *Younger* abstention doctrines. MTD at 6-11; Opp. at 7-12. He also cites a single, unpublished state court opinion as grounds for dismissing Plaintiffs' Second Amendment claims on the merits. Opp. at 15.

OPP. TO MTD & REPLY TO OPP. TO MTN. FOR PRELIM. INJUNCTION

1    This Court issued an order (Dkt. 15), authorizing the parties to file combined
2    briefing on Defendant's Motion to Dismiss and Plaintiffs' Motion for Preliminary
3    Injunction. As a result, this brief is both an opposition to Defendant's Motion to Dismiss
4    and a reply to Defendant's Opposition to Plaintiffs' Motion for Preliminary Injunction.
5    Because the statutory scheme and factual details at issue in both motions are identical,
6    Plaintiffs do not restate them here but rather incorporate them by reference from their
7    Motion for Preliminary Injunction; including all supporting documents. MPI at 3-9.

8                                      **ARGUMENT**

9    **I.    *Rooker-Feldman* Doctrine Does Not Apply to Plaintiffs' Claims**

10       Attorney General Bonta first argues that this Court lacks jurisdiction to hear
11   Plaintiffs' case under the *Rooker-Feldman* doctrine. He is wrong. That doctrine prohibits
12   de-facto appeals of state court rulings to federal courts. *Noel v. Hall*, 341 F.3d 1148, 1154
13   (9th Cir. 2003). "[An action] is a forbidden de facto appeal under *Rooker-Feldman* when
14   the plaintiff in a federal district court complains of a legal wrong allegedly committed by
15   the state court and seeks relief from the judgment of that court." *Cooper v. Ramos*, 704
16   F.3d 772, 778 (9th Cir. 2012), citing *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).
17   "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a
18   forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court."
19   (*Bell v. City of Boise*, 709 F.3d 890, 987 (9th Cir. 2013), citing *Maldonado v. Harris*, 370
20   F.3d 945, 950 (9th Cir. 2004)). In other words, the *Rooker-Feldman* doctrine "applies
21   only when the federal plaintiff both asserts as her injury legal errors or errors by the state
22   court *and* seeks as her remedy relief from the state court judgment." *Vacation Vill., Inc. v.*
23   *Clark Cty.*, 497 F.3d 902 (9th Cir. 2007), citing *Kougasian v. TMSL, Inc.,* 359 F.3d 1136,
24   1140 (9th Cir. 2004). Because Plaintiffs assert neither, their claims are not barred under
25   *Rooker-Feldman*.

26       First, Plaintiffs do not claim that the state court made any errors, whether legal or
27   factual. Attorney General Bonta wrongly conflates Plaintiffs' attack on the consequences
28   of the Challenged Provisions' application to them with an attack on the state court's

OPP. TO MTD & REPLY TO OPP. TO MTN. FOR PRELIM. INJUNCTION

ruling. Plaintiffs do not "complain" that the state court made no findings about their being dangerous or how their conduct constituted "harassment," as Attorney General Bonta claims. MTD at 7; Opp. at 8. Rather, Plaintiffs raise that point only to highlight that without such findings California cannot, as a matter of law, meet its burden to impose its complete firearm prohibition on their Second Amendment rights. Nor do Plaintiffs "disagree with the judgement" of the state court, let alone seek relief from it. *Id*.; Opp. at 9. Indeed, Plaintiffs' do not even challenge the state court's issuance of their restraining orders. Rather, Plaintiffs merely challenge the application of a statutorily-mandated consequence that California law automatically imposes on anyone against whom a state court decides to issue a restraining order. Cal. Civ. Proc. Code § 527.6, subd. (u). In doing so, Plaintiffs take no issue with the state court's ruling because it made no decision specifically to remove their firearm rights, California law made that decision for it. As such, the *Rooker-Feldman* doctrine does not apply to their challenge.

Attorney General Bonta skips this entire analysis. He instead exclusively relies on vague quotes from a single, older case to suggest that the *Rooker-Feldman* doctrine bars *any* relief relating to a state court's decision by federal courts. MTD at 6-8; Opp. at 8-9, quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003). But *Bianchi* does not say as much. While *Bianchi*'s inartful language that Attorney General Bonta relies on admittedly gives the impression that it could be read the way he suggests, subsequent case law has expressly clarified that is not the case. "The [*Rooker-Feldman*] doctrine does not preclude a plaintiff from bringing an 'independent claim' that, though similar or even identical to an issue aired in state court, was not the subject of a previous judgment by the state court." *Cooper*, 704 F.3d at 778, citing *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Thus, while "a state-court decision is not reviewable by lower federal courts, [] a statute or rule governing the decision may be challenged in a federal action." *Skinner*, 562 U.S. at 532. That is precisely the type of challenge Plaintiffs bring here.

As previously explained, Plaintiffs do not challenge any aspect of the state court's ruling itself but rather certain California statutes, as applied to them, that automatically

4

impose firearm prohibitions on individuals against whom a state court has issued a restraining order, over which the state court has no discretion. The case of *Morrison v. Peterson* is instructive. 809 F. 3d 1059 (9th Cir. 2015). There, the plaintiff (a prisoner) had two motions denied in California state court for post-conviction DNA testing. *Id.* at 1062. He then brought an 18 U.S.C. § 1983 action in federal court seeking to invalidate California's DNA testing statute as applied to him. The Ninth Circuit held that "[b]ecause Morrison does not seek an order that he be allowed DNA testing, but instead seeks to invalidate the DNA testing statute on federal constitutional grounds, his claim is not barred by *Rooker-Feldman*. That is so even though this portion of his challenge is 'as applied.'" *Id.* at 1070. There is no meaningful difference between Plaintiffs' as-applied challenge to the Challenged Provisions here and the one at issue in *Morrison*. This Court should, therefore, follow that binding precedent and reject application of *Rooker-Feldman* to Plaintiffs' claims here.

## II.   *Younger* Abstention Doctrine Does Not Apply to Plaintiffs' Claims

As a secondary argument, Attorney General Bonta encourages this Court to refuse hearing Plaintiffs' case under the *Younger* abstention doctrine. But that doctrine is also inapplicable here. *Younger* abstention, named after *Younger v. Harris*, 401 U.S. 37 (1971), mandates federal courts to abstain from hearing cases involving federal issues that are already being litigated in state forums. Attorney General Bonta incorrectly describes the test for *Younger* abstention as follows:

> Absent "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims.

Defendant's Opp., 10:11-13.

This is not the complete test. Attorney General Bonta appears to be citing the test for *Younger* abstention that is used in *criminal* cases. See, e.g., *Liggins v. People,* No. ED CV 09-00339-FMC (VBK), 2009 U.S. Dist. LEXIS 98448, at *6 (C.D. Cal. Feb. 24, 2009). In civil cases like this, the test for *Younger* abstention has additional requirements,

1    including that the case be a "quasi-criminal enforcement action[] or involve a state's

2    interest in enforcing the orders and judgments of its courts." *ReadyLink Healthcare, Inc.*

3    *v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), citing *Sprint Communs., Inc.*

4    *v. Jacobs*, 571 U.S. 69, 79-80 (2013). If those four "threshold" elements are met, then

5    courts consider a fifth element, whether the federal action "would have the practical

6    effect of enjoining the state proceedings and whether an exception to *Younger* applies."

7    *ReadyLink Healthcare,* 754 F.3d at 759, citing *Gilbertson v. Albright*, 381 F.3d 965, 983-

8    984 (9th Cir. 2004). Most, if not all, of these elements are not met here.

9    **A. There is no ongoing state proceeding**

10        The beginning of this analysis is also its end. Plaintiffs' state action is not ongoing.

11    It ended once the court issued orders against them. Attorney General Bonta argues that

12    because Plaintiffs' restraining orders will be in effect for at least three years, the state

13    court matter is "ongoing." Opp. at 10. Tellingly, he cites no authority to support his

14    argument. That is because it does not make practical sense. Unless one of the parties files

15    a petition to restart the action to seek a modification of an order, nothing will happen in

16    the state court. Cal. Code Civ. Proc., § 527.6, subd. (j). There are no pending hearings or

17    filing deadlines. The matter is over.

18        Because there is no ongoing state court proceeding here, there necessarily does not

19    exist any proceeding that could be enjoined. As such, the fifth inquiry for *Younger*

20    abstention—whether the federal action "would have the practical effect of enjoining the

21    state proceedings"—militates against its application. *See AmerisourceBergen Corp. v.*

22    *Roden*, 495 F.3d at 1151. To be sure, that would be so even assuming Plaintiffs were

23    involved in an ongoing state court proceeding. That is because the relief that Plaintiffs

24    seek from this Court does not ask for nor does it require that any state court proceeding

25    be enjoined. Plaintiffs do not even challenge the issuance or validity of their restraining

26    orders. Even if they receive the relief they seek from this Court, those orders, exactly how

27    the state court issued them, would remain in effect.

28    / / /

OPP. TO MTD & REPLY TO OPP. TO MTN. FOR PRELIM. INJUNCTION

## B. This case is not eligible for *Younger* abstention

In any event, this is not the type of case to which *Younger* abstention exclusively applies. "After more than forty years of unchecked doctrinal expansion, the Supreme Court changed course and made clear that *Younger* abstention was appropriate only in the two 'exceptional categories of civil cases it had previously identified: (1) "civil enforcement proceedings;" and (2) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.' " *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), citing *Sprint Communs., Inc., supra,* 571 U.S. at p. 77. This case is neither of those.

First, this case is not a "quasi-criminal enforcement action." "Such enforcement actions are characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act… In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action." *Sprint Communs.*, 571 U.S. at 79-80., see also *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (*Younger* abstention appropriate where "noncriminal proceedings bear a close relationship to proceedings criminal in nature"). The case of *Rynearson v. Ferguson* is instructive. 903 F.3d 920 (9th Cir. 2018). There, a Ninth Circuit panel ruled that *Younger* did not apply to a challenge to Washington State's protection order proceedings because it was initiated by a private party, required no involvement from any state actor, and the purpose was to protect the petitioner rather than punish the respondent. *Id*. at 925-926. That is the same situation here. No state actor was part of Plaintiffs' state court proceeding and the state court's order was designed to protect Mrs. Nguyen's privacy, not punish Plaintiffs. *See* Decl. Sean Brady Supp. Mot. Prelim. Inj., Ex. M-O.

Nor does this case impact California courts' ability to perform their judicial functions. Again, *Rynearson* is instructive. In "conclud[ing] that Rynearson's suit did not involve Washington's interest in enforcing the orders and judgments of its courts," the Ninth Circuit explained that his "challenge is solely to the constitutionality of a criminal

7

statute" and that a challenge to a "statute's constitutionality does not bear on the validity of the state's protection orders or the procedures by which the state courts issue or enforce them." *Id*. at 927. There is no meaningful difference between the challenge at issue in *Rynearson* and Plaintiffs' here.

In sum, the Ninth Circuit's refusal to apply *Younger* abstention in *Rynearson* necessarily compels the same result here. In any event, because he wholly ignores this element, Attorney General Bonta cannot show that this case is a proper candidate for *Younger* abstention. For these reasons, this Court should reject its application here.

### C. No important state interest is implicated

As an initial matter, because there is no ongoing state proceeding, there necessarily cannot be any important state interest implicated here. See *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1092 (9th Cir. 2008). But even if there were an ongoing matter, there still would be no important state interest implicated here. First, the privacy interest that Attorney General Bonta raises, while admittedly important, is not at issue. MTD at 9. Plaintiffs did not dispute that they should have repositioned their security cameras to accommodate Mrs. Nguyen's privacy. Indeed, as soon as Mrs. Nguyen complained about the cameras, Plaintiffs voluntarily repositioned them, as the state court recognized. *See* Decl. Sean Brady Supp. Mot. Prelim. Inj., Ex. N, p. 2. Nor are Plaintiffs seeking to undo their restraining orders. As such, even if Plaintiffs prevail here, those orders will remain in effect, meaning that Plaintiffs' cameras will remain unmoved. Mrs. Nguyen's privacy is not in jeopardy.

Nor is the interest of reducing gun violence implicated here. Attorney General Bonta argues that "promoting policies and laws that reduce gun violence unequivocally advances a state interest." Defendant's Opp., 11:10-12. To be sure, that is true. But the question here is whether that interest is implicated by people like Plaintiffs who merely had security cameras installed on their home in response to threats from a neighbor (which threats the cameras corroborated) and voluntarily moved the cameras in an

acceptable location after their neighbor complained about their placement? The obvious answer is no. Plaintiffs have not been found to be dangerous in any respect. Attorney General Bonta's generic platitudes about gun control are thus irrelevant. MTD at 9-10. The Constitution provides California a "variety of tools" for combating the problem of gun violence, but "the enshrinement of constitutional rights necessarily takes certain policy choices off the table." *District of Columbia v. Heller*, 554 U.S. 570, 636 (2008). Denying firearms to non-dangerous, law-abiding adult citizens is one of those forbidden policies. *Id*. at 635. ("…whatever else [the Second Amendment] leaves to future evaluation, it surely elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home.")

### D. Plaintiffs had no meaningful opportunity to raise their constitutional challenge in the state court proceeding

For *Younger* abstention to apply, the ongoing state court proceeding must allow litigants adequate opportunity to raise federal challenges. *ReadyLink Healthcare, Inc., supra*, 754 F.3d at p. 759. Even if this Court finds that the completed restraining order proceedings are somehow ongoing, they provide no meaningful opportunity to raise a federal constitutional challenge to the Challenged Provisions. First, individuals responding to a petition that they be restrained are limited to raising argument and evidence "that explains, excuses, justifies, or denies the alleged harassment . . .." Cal. Code Civ. Proc., § 527.6, subd. (h). There is no procedural mechanism for raising a constitutional challenge in these proceedings. Attorney General Bonta does not identify one. He instead suggests that Plaintiffs could seek a modification, termination, or appeal of their orders. MTD at 10. But that argument misunderstands the law.

As an initial matter, exhaustion of state court remedies is not an element of the *Younger* abstention doctrine. See *ReadyLink Healthcare, Inc*., *supra*, 754 F.3d at p. 759 (listing *Younger* abstention elements). Thus, Plaintiffs have no duty to take the steps that Attorney General Bonta suggests. In any event, those steps would not provide Plaintiffs the relief they seek. Modification of the orders cannot do anything for Plaintiffs. Courts

have no discretion to issue a restraining order without imposing a firearm prohibition because that prohibition is statutorily required to affix to *every* restraining order. Cal. Code Civ. Proc. § 527.6, subd. (u). And while termination of the order would provide Plaintiffs the relief they seek, Plaintiffs are not aware of a mechanism to request termination of an otherwise valid restraining order on the grounds that it causes a constitutional problem in its effect but not its issuance, like here. What's more, it would make no practical sense to raise this type of challenge in the state court proceedings. It would be to put the cart before the horse to challenge the constitutionality of consequences of an order that have not yet materialized. Attorney General Bonta suggests that Plaintiffs could have nevertheless addressed the issue by appealing the state court ruling. MTD at 10. Under California authority, however, Plaintiffs would have been limited to arguing that the lower court's factual findings were unsupported by substantial evidence. *Bookout v. Nielsen,* 155 Cal. App. 4th 1131, 1137, 67 Cal. Rptr. 3d 2, 6 (2007) (injunctions under § 527.6 are reviewed to determine whether factual findings are supported by substantial evidence). Thus, in order to challenge the constitutionality of the firearm restrictions placed on them, Plaintiffs would have had to have filed a new case entirely. The proceeding at issue here thus did not and does not give them the opportunity to raise their federal claims.

### E. This matter is exempt from the *Younger* abstention doctrine

In any event, Plaintiffs would continue to suffer "irreparable harm" that is "great and immediate" if this Court declines to hear their case, which exempts this case from *Younger* abstention doctrine application. *Kugler v. Helfant*, 421 U.S. 117, 123 (1975), citing *Younger v. Harris*, 401 U.S. 37, 45 (1971). As explained in Plaintiffs' Motion for Preliminary Injunction, "[i]t is well established that deprivation of constitutional rights 'unquestionably constitutes irreparable injury.' " *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Plaintiffs have already been wholly deprived of their Second Amendment rights and will be for at least another year, possibly several, while also having to pay for storage of their firearms. *See*

10

OPP. TO MTD & REPLY TO OPP. TO MTN. FOR PRELIM. INJUNCTION

Decl. Richard Wallingford Supp. Mot. Prelim. Inj., ¶ 30. As such, even if this case qualified for *Younger* abstention, which it does not for the reasons explained above, this Court should refuse to apply it in the interests of justice.

Finally, Attorney General Bonta also urges this Court to exercise its discretion to refuse jurisdiction under the Federal Declaratory Judgment Act on the grounds that this case involves "a state law issue." MTD at 10-11. He does not cite any authority in support of that argument and for good reason. The scope of the United States constitution's Second Amendment is a quintessential federal question over which this Court has original jurisdiction. "Under 28 U.S.C. § 1331, district courts exercise original jurisdiction over civil actions arising under the Constitution, laws, and treaties of the United States." *Exmundo v. Kevorkian*, No. 1:08-cv-00765-SMS-PC, 2009 U.S. Dist. LEXIS 16155, at *2 (E.D. Cal. Feb. 12, 2009). This is a purely federal question that the state court did not address nor was asked by Plaintiffs to pass on. This Court undeniably has jurisdiction.

*     *     *     *

In sum, *Younger* abstention does not apply here and this Court should deny Attorney General Bonta's motion to dismiss on those grounds.

### III.   Plaintiffs' Preliminary Injunction Request Should Be Granted

#### A. Attorney General Bonta cannot show that Plaintiffs are not likely to succeed on the merits of their Second Amendment claim, let alone that Plaintiffs have failed to state such a claim

Tellingly, Attorney General Bonta almost entirely ignores Plaintiffs' substantive arguments. Other than noting the unremarkable fact that Second Amendment rights are not unlimited and that *Heller* identified an unexhaustive list of " 'presumptively lawful' regulatory measures," the only argument he can muster to support his request to dismiss Plaintiffs' claim or deny Plaintiffs' request for preliminary injunction is to point to one unpublished California appeals court opinion that held "the firearms restrictions in section 527.6 do not run afoul of the Second Amendment." MTD at 3, quoting *Glaser v.*

11

*Meserve*, 2013 WL 1460339, *7 (Cal. Ct. App. 2d. Apr. 11, 2013).[1] That Attorney General Bonta cannot find any support for his position other than *Glaser* confirms how weak that position is and why this Court should reject it.

Because it is an unpublished, state court opinion, this Court is not bound by *Glaser* and can (and should) reject its holding. See *Hans v. Louisiana*, 134 U.S. 1, 9 (1890). Indeed, this Court's precedent compels its rejection. The state court in *Glaser*, without any explanation, "construe[d] the firearms restrictions in section 527.6 as 'analogous to a prohibition on felon weapon possession, a type of restriction expressly listed by *Heller* as untouched by its holding.' " *Glaser v. Meserve* (Apr. 11, 2013, No. B240385) ___Cal.App.4th___ [2013 Cal. App. Unpub. LEXIS 2579, at *24-26]. In other words, the *Glaser* court said that because *Heller* held that prohibitions on felons possessing firearms are "presumptively lawful" so too are prohibitions on individuals subject to a section 527.6 restraining order. Comparing all those under a restraining order to felons is an obviously baseless leap of logic that should be rejected out of hand. In any event, the Ninth Circuit has since foreclosed any such argument in *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013).

---

[1] This unpublished case would not even be allowed to be cited in a California state court. "Except as provided in (b), an opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action." California Rules of Court, Rule 8.1115, subd. (a). Because California courts would not rely on this decision nor even allow it to be cited, this Court should do the same. *Franklin v. Cmty. Reg'l Med. Ctr.*, No. 1:19-cv-00709-SKO, 2019 U.S. Dist. LEXIS 211925, at 1 n.1 (E.D. Cal. Dec. 6, 2019) ("Neither Federal Rule of Appellate Procedure 32.1, nor California Rule of Court 8.1115 permit this Court to consider unpublished California state court cases."); See also *Cont'l W. Ins. Co. v. Costco Wholesale Corp.*, No. C10-1987 RAJ, 2011 U.S. Dist. LEXIS 90886, at *11 (W.D. Wash. Aug. 15, 2011) ("[A]s a matter of comity...Because Washington courts have made the judgment that "unpublished" state court decisions should not shape their decisions, this court follows their lead.")

12

OPP. TO MTD & REPLY TO OPP. TO MTN. FOR PRELIM. INJUNCTION

1    Attorney General Bonta does not dispute that the Ninth Circuit has rejected the

2    government's argument that firearm prohibitions on domestic violence misdemeanants

3    should be among *Heller*'s list of "presumptively lawful" restrictions on Second

4    Amendment rights. MPI at 11-12, citing *Chovan*, 735 F.3d at 1137. The panel did so for

5    two reasons. First, finding that it was "not clear that such prohibitions are so

6    longstanding" as to qualify to be on *Heller*'s list. *Chovan*, 735 F.3d at 1137. Second,

7    finding that "the government has not proved that *domestic violence misdemeanants* in

8    particular have historically been restricted from bearing arms." *Id*. Those same two

9    situations exist here, compelling the same result, i.e., rejection of the exclusion of

10   individuals subject to a section 527.6 restraining order from Second Amendment

11   protection.

12       As Plaintiffs have explained, California did not impose firearm prohibitions on

13   individuals subject to protective orders until 1991. MPI at 12, citing Assem. B. 108,

14   1991-1992 Reg. Sess. (Cal. 1991), 1991 Cal. Stats. 4415. Attorney General Bonta does

15   not dispute this. Nor does he explain how such prohibitions are otherwise longstanding.

16   That alone is a sufficient basis for this Court to deny his motion to dismiss. But what is

17   absolutely fatal to his position is that he fails to provide any proof that individuals subject

18   to civil protective orders "have historically been restricted from bearing arms." *Chovan*,

19   735 F.3d at 1137. Nor does he respond to Plaintiffs' point that if the Ninth Circuit does

20   not consider those with a *conviction* for a misdemeanor *crime* of *domestic violence* as

21   falling outside of the Second Amendment's scope, surely, a court order to maintain

22   home-security cameras in their present locations cannot justify such a result either. MPI

23   at 12. Attorney General Bonta thus simply cannot meet his burden to show that Plaintiffs

24   are excluded from Second Amendment protection. *Chovan*, 735 F.3d at 1139-40.

25       Finally, by trying to cast Mr. Wallingford in a negative light by highlighting the

26   details of the false assault allegations against him while omitting the fact that they were

27   proven to be false, Attorney General Bonta tacitly admits that the reasons for which

28   Plaintiffs' restraining orders issued were insufficient bases to deprive someone of their

constitutional rights. Opp. at 3-4. What's more, Attorney General Bonta's inclusion of those details serves no other purpose than to confuse this Court into believing that Mr. Wallingford committed the heinous acts he was falsely accused of in an attempt to legitimize the restrictions on his Second Amendment rights, when the court that issued the restraining order was clear that the false assault allegations from 2018 had no clear and convincing evidence supporting them. *See* Decl. Sean Brady Supp. Mot. Prelim. Inj., Ex. M, p. 95. Further, the sole basis for the granting of the injunction was the prior positioning of the security cameras. *Id.*, Ex. O, p. 2. Such tactics are unbecoming of a state's lead law enforcement officer whose duty is to pursue justice, not just win by disingenuously framing the facts.

In sum, Plaintiffs do not fall outside of Second Amendment protection merely because a court has issued section 527.6 restraining orders against them. As such, because Attorney General Bonta does not even attempt to meet his burden under heightened scrutiny to justify the Challenged Provisions, his motion to dismiss must be denied. *Chovan*, 735 F.3d at 1139-40. For the same reason, Attorney General Bonta cannot dispute that Plaintiffs are likely to succeed on the merits and they thus meet that requirement for a preliminary injunction to issue.

## B. The equitable factors for a preliminary injunction to issue favor Plaintiffs

Attorney General Bonta does not dispute that Plaintiffs have suffered irreparable harm by having their Second Amendment rights stripped away. Instead, he argues that they cannot claim irreparable harm because of their delay in seeking relief. Opp. at 13-14. Apparently, Attorney General Bonta does not find Mr. Wallingford's cancer diagnosis around the time Plaintiffs' restraining orders were issued, followed closely by the Covid pandemic, sufficient justification for the elderly Plaintiffs' delay in bringing a lawsuit. *Id.* Plaintiffs believe those are fairly compelling excuses by any standard and urge this Court to reject Attorney General Bonta's argument that they should be denied relief here merely due to an eminently understandable delay under the circumstances. Regardless, even if this Court decided that Plaintiffs did delay in bringing this suit, "delay by itself is not a

14

determinative factor in whether the grant of interim relief is just and proper". *Miller v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993), citing *Aguayo ex rel. NLRB v. Tomco Carburetor Co.*, 853 F.2d 744, 750 (9th Cir. 1988). Delay is only significant if the harm has occurred and the parties cannot be returned to the status quo. *Aguayo, supra*, 853 F.2d 744 at 750, citing *Solien v. Merchs. Home Delivery Serv., Inc.*, 557 F.2d 622, 627 (8th Cir. 1977). Here, Plaintiffs have been harmed, but the harm is ongoing, and this Court is in the position to end that harm and return the parties to the previous status quo with a preliminary injunction. Plaintiffs have thus demonstrated irreparable harm.

The remaining equitable factors also weigh in Plaintiffs' favor because there is no public interest served by enforcement of the Challenged Provisions against Plaintiffs. When, as here, there is a challenge to laws affecting the exercise of constitutional rights, "[t]he public interest . . . tip[s] sharply in favor of enjoining the" laws. *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cit. 2009). Attorney General hardly addresses that point, other than to disingenuously suggest that Plaintiffs have potential to become violent with their neighbor who obtained the restraining order against them. Opp. at 15-16. Beyond that, he focuses almost entirely on California's interest in upholding its courts' judgments. Opp. at 14-15. But, as explained above, Plaintiffs do not seek relief from the state court's issuance of restraining orders. Rather, Plaintiffs merely seek to enjoin one consequence of that order as applied to them; specifically, denial of their fundamental constitutional rights under the Second Amendment. The interest of avoiding interference with state courts, therefore, is not at issue here.

Attorney General Bonta nevertheless argues that "[i]n granting the injunction, the state court necessarily found that harassment existed and that a restraining order, with all its accompanying provisions, was appropriate and in the public interest." Opp. at 16. But he cites no finding from the state court that a firearm prohibition was appropriate in this case. Nor does he cite anything in the law that requires the state court to make such a finding. To the contrary, he admits that no findings are necessary. Opp. at 8. He thus cannot claim the state court found a firearms prohibition was appropriate for Plaintiffs.

Finally, Attorney General Bonta repeatedly insists that Plaintiffs should have sought relief in state court. Opp. at 5, 11, 14. But Plaintiffs have an interest in leaving their restraining orders in place to keep the peace with Mrs. Nguyen, as does the public indirectly by preventing additional problems that could require police or court intervention. Requesting a modification or appealing the order, as Attorney General Bonta suggests, even if it worked, would require continued confrontation with Ms. Nguyen in court. See Cal. Code Civ. Proc. § 527.6(j)(3) (requiring that the person benefiting from the restraining order be given notice). Plaintiffs should not be forced to choose between continued confrontation with a neighbor who has objectively been shown to be hostile and exercise of their constitutional rights.

### C. Plaintiffs need not meet the heightened standard for mandatory injunctions because they do not seek one

Attorney General Bonta wrongly argues that Plaintiffs must meet the stricter standard for preliminary relief that "the facts and law clearly favor" their position. Opp. at 16, citing *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). But *Anderson* requires that standard only for *mandatory* injunctions, not just any injunction that may alter the status quo. Attorney General Bonta fails to explain how or even argue that Plaintiffs seek a mandatory injunction. They clearly do not. As explained previously, Plaintiffs seek only to enjoin California from enforcing the Challenged Provisions as applied to them during the pendency of this action. They therefore seek an injunction that is *prohibitory* in nature and not subject to the heightened standard. *Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017), summarizing *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014) (holding that an injunction "against the enforcement of a likely unconstitutional state policy is considered prohibitory rather than mandatory.").

Even if Plaintiffs' request was construed as seeking mandatory preliminary relief they would still prevail. The current version of the heightened mandatory preliminary injunction test states: "Mandatory injunctions, while subject to a higher standard than

prohibitory injunctions, are permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.' " *Hernandez, supra*, 872 F.3d at p. 999. Here, Plaintiffs have wrongly been stripped of their constitutional rights and will continue to be denied those rights for at least a year. That is serious damage. And Attorney General Bonta does not meaningfully dispute that Plaintiffs are very likely to prevail on the merits of their claims. Plaintiffs could, therefore, still meet the heightened mandatory relief standard if this Court deemed it applicable.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction should be granted and Attorney General Bonta's Motion to Dismiss should be denied.

Dated: October 11, 2021                          **MICHEL & ASSOCIATES, P.C.**

                                                 *s/ Sean A. Brady*
                                                 Sean A. Brady
                                                 Attorneys for Plaintiffs

OPP. TO MTD & REPLY TO OPP. TO MTN. FOR PRELIM. INJUNCTION

# CERTIFICATE OF SERVICE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case Name: *Wallingford v. Becerra, et al.*
Case No.: 8:21-cv-01412 DOC (KESx)

IT IS HEREBY CERTIFIED THAT:

      I, Laura Palmerin, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 180 East Ocean Boulevard, Suite 200 Long Beach, California 90802. I am not a party to the above-entitled action.

      I have caused service of the following documents, described as:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

on the following parties by electronically filing the foregoing on October 11, 2021, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Rita Bosworth, Deputy Attorney General
Government Law Section
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
rita.bosworth@doj.ca.gov
   *Attorneys for Defendant Robert Bonta*

      I declare under penalty of perjury that the foregoing is true and correct. Executed on October 11, 2021, at Long Beach, CA.

_____
Laura Palmerin