1  ROB BONTA
   Attorney General of California
2  HEATHER HOESTEREY
   Supervising Deputy Attorney General
3  RITA B. BOSWORTH
   Deputy Attorney General
4  State Bar No. 234964
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-3592
6    Fax:  (415) 703-5480
     E-mail:  Rita.Bosworth@doj.ca.gov
7  *Attorneys for Defendant Rob Bonta, in*
   *his official capacity as Attorney General*
8  *of the State of California*

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                     SOUTHERN DIVISION

12

13  **MIRANDA WALLINGFORD and**        8:21-cv-01412-DOC-KES
    **RICHARD WALLINGFORD,**
14                                     **CALIFORNIA ATTORNEY**
                                       **GENERAL ROB BONTA'S REPLY**
15                        Plaintiffs,  **BRIEF IN SUPPORT OF MOTION**
                                       **TO DISMISS COMPLAINT**
                    **v.**
16                                     Date:        11/1/2021
    **ROB BONTA, in his official capacity**   Time:        8:30 a.m.
17  **as Attorney General of the State of**   Courtroom:   9D
    **California; and DOES 1-10,**            Judge:       The Honorable
18                                                         David O. Carter
                         Defendants.    Trial Date:  Not set
19                                      Action Filed: 8/30/2021

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................... 1

ARGUMENT .......................................................... 1

    I.    The *Rooker-Feldman* Doctrine Bars Consideration of Plaintiff's Claims ............................................................. 1

        A.    Plaintiffs Fail to Rebut that Their Claim is "Inextricably Intertwined" to the State Court Judgment and Thus Barred ...... 2

        B.    The State Court Judge Knowingly Imposed the Restraining Orders ......................................... 4

    II.    The Court Should Abstain from Exercising Jurisdiction ..................... 6

        A.    The State Court Proceeding is Ongoing ..................... 7

        B.    The State Proceeding Implicates Important State Interests ........ 9

        C.    Plaintiffs had a Meaningful Opportunity to Raise a Constitutional Challenge .................................. 10

        D.    The State Proceeding Involves the State's Interest in Enforcing the Orders and Judgments of its Courts .................. 11

        E.    Federal Intervention Would Have the Practical Effect of Enjoining the State Proceeding .............................. 13

        F.    Plaintiffs do Not Face Irreparable Injury that is "Both Great and Immediate" .................................... 13

CONCLUSION ..................................................... 15

i

1

**TABLE OF AUTHORITIES**

2

3                                                                                  **Page**

4  CASES

5  *Agriesti v. MGM Grand Hotels, Inc.*
6     53 F.3d 1000 (9th Cir. 1972) ................................................................ 8

7  *AmerisourceBergen Corp. v. Roden*
8     495 F.3d 1143 (9th Cir. 2007) .............................................................. 9

9  *Baffert v. Cal. Horse Racing Bd.*
      332 F.3d 613 (9th Cir. 2003) ................................................................ 9

10 *Benavidez v. Eu*
11    34 F.3d 825 (9th Cir. 1994) ................................................................ 11

12 *Bookout v. Nielsen*
13    155 Cal. App. 4th 1131 (2007) ............................................................ 11

14 *by Ring v. Arizona*
15    536 U.S. 584 (2002) .............................................................................. 4

16 *Calif. Pharmacists Ass'n v. Maxwell-Jolly*
17    563 F.3d 847 (9th Cir. 2009) .............................................................. 14

18 *City of Clovis v. County of Fresno*
      222 Cal. App. 4th 1469 (2014) ............................................................ 4
19
   *Cooper v. Ramos*
20    704 F.3d 772 (9th Cir. 2012) .......................................................... 2, 3

21 *Diaz-Stellwagon v. White*
22    No. A126747, 2010 WL 4816156 (Ct. App. 2010) ............................ 10

23 *Dist. Of Columbia Ct. of Appeals v. Feldman*
24    460 U.S. 462 (1983) .............................................................................. 2

25 *District Property Associates v. District of Columbia*
26    743 F.2d 21 (D.C. Cir. 1984) .............................................................. 7

27 *Ensworth v. Mulvain*
28    224 Cal. App. 3d 1105 (1990) .............................................................. 5

ii

1
2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3
4

*Fontana Empire Ctr., LLC v City of Fontana*
    307 F.3d 987 (9th Cir. 2002) ................................................................ 2

5
6

*Gilbertson v. Albright*
    381 F.3d 965 (9th Cir. 2004) ................................................................ 9

7
8

*Huth v. Hartford Ins. Co. of the Midwest*
    298 F.3d 800 (9th Cir. 2002) .............................................................. 14

9
10

*In re Gonzalez*
    43 Cal.App.3d 616 (1974) .................................................................... 8

11

*Kugler v. Helfant*
    421 U.S. 117 (1975) ............................................................................ 13

12
13

*Lebbos v. Judges of Superior Ct.*
    883 F.2d 810 (9th Cir.1989) .................................................... 6, 10, 12

14
15

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*
    457 U.S. 423 (1982) ............................................................................ 10

16
17

*Mitchell v. Mitchell*
    No. A131632, 2012 WL 2510051 (Ct. App. 2012) .......................... 10

18
19

*Morrison v. Peterson*
    809 F.3d 1059 (9th Cir. 2015) .............................................................. 3

20
21

*Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc.*
    762 F.2d 1374 (9th Cir. 1985) ............................................................ 14

22

*Parisi v. Mazzaferro*
    5 Cal.App.5th 1219 (2016) ................................................................ 10

23
24

*Penzoil Co. v. Texaco, Inc.*
    481 U.S. 1 (1987) ..................................................................... 7, 9, 11, 12

25
26

*People ex rel. Gallo v. Acuna*
    14 Cal.4th 1090 (1997) ...................................................................... 10

27
28

*People v. Buford*
    42 Cal.App.3d 975 (1974) .................................................................... 8

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*People v. Carbajal*

4
    10 Cal.4th 1114 (1995) ................................................................ 8

5

*People v. Cookson*

6
    54 Cal.3d 1091 (1991) ................................................................ 8

7

*People v. Flores*

8
    169 Cal.App.4th 568 (2008) ..................................................... 10

9

*R.D. v. P.M.*
    202 Cal.App.4th 181 (2011) ..................................................... 10

10

*Readylink Healthcare, Inc., v. State Compensation Ins. Fund*

11
    754 F.3d 754 (9th Cir. 2014) ...................................................... 7

12

*Rynearson v. Ferguson*

13
    903 F.3d 920 (9th Cir. 2018) .................................................... 12

14

*Skinner v. Switzer*

15
    562 U.S. 521 (2011) .................................................................... 3

16

*U.S. v. Yepez*

17
    652 F.3d 1182 (9th Cir. 2011) .................................................... 8

18

*Walnut Properties, Inc., v. City of Whittier*

19
    861 F.2d 1102 (9th Cir. 1988) .................................................... 8

20

*Walton v. Arizona*
    497 U.S. 639 (1990) .................................................................... 4

21

22

*Wiener v. County of San Diego*
    23 F.3d 263 (9th Cir. 1994) ........................................................ 8

23

*Younger v. Harris*

24
    401 U.S. 31 (1971) ............................................................*passim*

25

26

27

28

1

2

# TABLE OF AUTHORITIES
**(continued)**

**Page**

3

STATUTES

4

California Code of Civil Procedure

5

    § 526.7 ................................................................................................ 10

6

    § 527.6 ........................................................................................... *passim*

    § 527.6(j) ............................................................................................... 7

7

    § 527.6(j)(1) .......................................................................................... 6

8

    § 527.6(u) ............................................................................................ 13

    § 527.9 ................................................................................................ 13

9

    § 527.9(f) .............................................................................................. 4

10

California Penal Code

11

    § 27500 .............................................................................................. 13

    § 27540 .............................................................................................. 13

12

    § 29825 .............................................................................................. 13

13

    § 30305 .............................................................................................. 13

    § 30306 .............................................................................................. 13

14

    § 30370 .............................................................................................. 13

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Two years ago, a state court judge determined there was sufficient evidence for the entry of three-year restraining orders against both Plaintiffs. Pursuant to provisions of the California Penal Code and California Code of Civil Procedure, the restraining orders required Plaintiffs to surrender possession of their firearms. Now, Plaintiffs bring suit asking this Court to declare those code sections unconstitutional as applied to Plaintiffs and to enjoin the Attorney General from enforcing those code sections against Plaintiffs.

Plaintiffs cannot bring this collateral attack on the state court judgment in this Court.  The Complaint should be dismissed because it is barred by the *Rooker-Feldman* doctrine and the principles of judicial abstention set forth in *Younger*. Plaintiffs try to avoid these doctrines by arguing they are not challenging the underlying restraining orders, only the firearm prohibition contained within them. But, Plaintiffs cannot have it both ways. The firearm prohibition *is part of* the orders and does not exist without the orders. Because Plaintiffs cannot establish this Court has jurisdiction, Defendant's Motion to Dismiss should be granted.  The Court does not need to consider any further substantive arguments.

**ARGUMENT**

**I.    THE *ROOKER-FELDMAN* DOCTRINE BARS CONSIDERATION OF PLAINTIFF'S CLAIMS**

This Court does not have jurisdiction to hear Plaintiffs' claims because Plaintiffs challenge state court orders, and such claims are barred by the *Rooker-Feldman* doctrine.   Plaintiffs attempt to avoid this by arguing that the issue they raise regarding the firearm prohibition is separate and apart from the restraining orders and can be independently challenged. It cannot. The firearm prohibition they contest *is itself part of the orders*. Thus, while Plaintiffs claim repeatedly that they "do not seek relief from the underlying orders," ECF 21 at 1, 3, 4, 5, that is exactly what they are doing, and their claim is barred.

1

**A.    Plaintiffs Fail to Rebut that Their Claim is "Inextricably Intertwined" to the State Court Judgment and Thus Barred**

The *Rooker-Feldman* doctrine prohibits federal courts from hearing direct appeals, as well as the "de facto equivalent" of such appeals, from state court judgments. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). Enshrined in the *Rooker-Feldman* doctrine is the proposition that a district court may not adjudicate issues that are "inextricably intertwined" with issues adjudicated in state court. *Dist. Of Columbia Ct. of Appeals v. Feldman* ("*Feldman*"), 460 U.S. 462, 486-87 (1983). Claims are inextricably intertwined when "the relief requested in the federal action would effectively reverse the state court's decision or void its ruling." *Fontana Empire Ctr., LLC v City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quotation omitted). While the doctrine does not prevent plaintiffs from bringing "independent claims," if the constitutional claims presented to a United States District Court are *inextricably intertwined* with the state court's judgment, the District Court is "in essence being called upon to review a state court decision," which it "may not do." *Feldman*, 460 U.S. at 482 n.16.

Plaintiffs fail to so much as mention the "inextricably intertwined" standard in their opposition, leaving its application to this case wholly unrebutted. Instead, they attempt to convince the Court that their challenge to the part of the restraining orders concerning the firearm prohibition can be parsed from the rest of the orders and deemed "independent." ECF 21 at 4. They further make the disingenuous assertion that they do not claim the state court made any legal or factual errors. ECF 21 at 1, 3, 4, 5. But since the firearm prohibition is part of the orders, and they contest it, Plaintiffs are necessarily asserting that the state court erred. They attempt to convince the court that they "merely seek to enjoin one consequence of that order as applied to them." ECF 21 at 15. They are not challenging a "consequence," they are challenging the orders themselves.

1    Courts have made an important distinction between general constitutional

2    challenges, for which there is jurisdiction, and narrow fact-specific challenges,

3    which are barred by *Rooker-Feldman*. Plaintiffs attempt to dress their case up as the

4    former, relying heavily on *Morrison v. Peterson*, 809 F.3d 1059 (9th Cir. 2015).

5    However, *Morrison* wholly undermines their position. There, a plaintiff sought to

6    invalidate California's DNA testing statute. While it was presented as an "as

7    applied" challenge, the court made clear that the challenge was not specific to the

8    plaintiff. "Because Morrison does not seek an order that *he* be allowed DNA

9    testing, but instead seeks to invalidate the DNA testing statute on federal

10   constitutional grounds, his claim is not barred by *Rooker-Feldman*." *Id.* (emphasis

11   added). Plaintiffs attempt to gloss over this analysis by equating Morrison's

12   challenge with their own simply because it was styled as an "as applied" challenge,

13   but the claim in *Morrison* was "a categorical issue not limited to the particulars of

14   Morrison's situation." *Id.* In contrast, Plaintiffs here have emphasized they are not

15   challenging the constitutionality of section 527.6 generally, rather, this is an "as

16   applied" challenge to the specific facts of their case. ECF 1 ¶ 8; ECF 21 at 5. Thus,

17   while the *Morrison* claim could go forward, Plaintiffs' claim cannot.

18   The other cases cited by Plaintiffs similarly support the proposition that

19   Plaintiffs' "as applied" challenge is barred. *See Cooper v. Ramos*, 704 F.3d at 780

20   (plaintiff's claim was barred by *Rooker-Feldman* because he attacked the statutory

21   application in his specific case rather than making a broad constitutional challenge,

22   it was immaterial that he framed it as a federal constitutional challenge); *Skinner v.*

23   *Switzer*, 562 U.S. 521, 532 (2011) (Court held that a claim was not barred by

24   *Rooker-Feldman* when a plaintiff asserted that a state statute was constitutionally

25   inadequate as to *anyone* it applied to). Plaintiffs' claims fall squarely in the

26   category of what *Rooker-Feldman* bars. As such, they "cannot escape the reality

27   that [their claim] is inextricably intertwined with the state court decision, no matter

28   what label [they] put on it." *Cooper v. Ramos*, 704 F.3d at 782.

1

**B.    The State Court Judge Knowingly Imposed the Restraining Orders**

2

3      Both judges and legislators are assumed to know the law when making

4  decisions. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("[t]rial judges are

5  presumed to know the law and to apply it in making their decisions."), *overturned*

6  *on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *City of Clovis v. County*

7  *of Fresno*, 222 Cal. App. 4th 1469, 1481 (2014) ("We assume the Legislature

8  knows existing law and legislates in light of it."). The California legislature

9  determined there is a basis to restrict those who have restraining orders from

10 possessing firearms, and they promulgated statutes to that effect. Cal. Code Civ.

11 Proc. § 527.6. This restriction applies to almost all restraining orders issued

12 pursuant to section 527.6.[1] ECF 21 at 4. The state court judge determined Plaintiffs'

13 behavior warranted restraining orders, ECF 12-2 Ex. N, and there is nothing in the

14 record to rebut the presumption that the judge was aware of the parameters of those

15 orders.

16      Despite this, Plaintiffs persist in claiming that they "take no issue with the

17 state court's ruling because it made no decision to specifically remove their firearm

18 rights." ECF 21 at 4. They also state that "even if they receive the relief they seek

19 from this Court, those orders, exactly how the state court issued them, would

20 remain in effect." ECF 21 at 6. These assertions are demonstrably false. The

21 firearm restriction is plainly specified on the restraining orders, in bold language, in

22 _____

23 [1] Section 527.9(f) sets forth one exception: "The court may, as part of the
relinquishment order, grant an exemption from the relinquishment requirements of
24 this section for a particular firearm if the respondent can show that a particular
firearm is necessary as a condition of continued employment and that the current
25 employer is unable to reassign the respondent to another position where a firearm is
unnecessary. If an exemption is granted pursuant to this subdivision, the order shall
26 provide that the firearm shall be in the physically possession of the respondent only
during scheduled work hours and during travel to and from his or her place of
27 employment." The existence of an exception indicates that the legislature
contemplated the reach of the firearm restriction and whether exceptions were
28 appropriate.

two different locations. Defendant's Request for Judicial Notice ("RJN") Ex. B at p.
46, 48.  Paragraph 7 of the Temporary Restraining Orders, which were made
permanent with the entry of restraining orders, states: "**No Guns or Other
Firearms and Ammunition**." *Id.* at p. 46 (emphasis in original). The admonition is
reiterated at the end of the orders: "**You Cannot Have Guns or Firearms.**" *Id.* at
p. 47 (emphasis in original). Nullifying that restriction would not leave the orders
"exactly how the state court issued them," it would alter the orders. The firearm
restriction was imposed as part of the restraining orders by a judge who considered
hundreds of pages of evidence, oversaw two full days of testimony, and explicitly
stated that she wanted to carefully consider the case before issuing a ruling. See
ECF 14 at 4-5. That she did not specifically discuss firearms in her November 1,
2019 minute order is of no consequence—she was not required to. *Ensworth v.
Mulvain*, 224 Cal. App. 3d 1105, 1112 (1990) ("The granting of the injunction itself
necessarily implies that the trial court found [the defendant] knowingly and
willfully engaged in a course of conduct that seriously alarmed, annoyed, or
harassed" plaintiff).

The operative language, which Plaintiffs categorically ignore, is in the state
court judgment: "The Court finds Nguyen has established by clear and convincing
evidence harassment by Miranda and Richard within the meaning of CCP § 527.6."
ECF 12-2 Ex. N. The complete record in this case demonstrates that there was a
plausible basis for the state court to impose the restraining orders against Plaintiffs.[2]

_____
[2] Plaintiffs appear to take issue with the fact that Defendant provided the
Court with documents to complete the record in the state case and accuses
Defendant of doing so to "confuse this Court into believing that Mr. Wallingford
committed the heinous acts he was falsely accused of in an attempt to legitimize the
restrictions on his Second Amendment rights," and that "[s]uch tactics are
unbecoming of a state's lead law enforcement officer." ECF 21 at 14. Not so.
Plaintiffs cherry-picked records from the state case and submitted them to the
Court, notably omitting certain documents they obviously believe to be damaging.
Far from trying to "confuse" the Court, Defendant is submitting facts, contested by
Plaintiffs, to demonstrate that there is indeed a factual dispute and that this Court
should not disturb the ruling of the state court based on consideration of the
complete record.

If the judge did not determine there was a basis to implement restraining orders, including a firearm restriction, she would not have imposed them. Plaintiffs' assertion that the firearm provision was not part of the judge's orders is not only at odds with the four corners of the orders, but it also hinges on the assumption that the state court judge did not know the law. There is no evidence to support that assumption, and this Court should not nullify any portion of the state court orders on that basis.  Moreover, if Plaintiffs believed the issuance of the orders *or any of their terms* was in error, the proper recourse would have been to appeal the state court judgment in state court.  Not to, years after the entry of the orders, seek to amend or modify the terms here.  *Rooker-Feldman*'s very essence is to prevent such "de facto" appeals of state court judgments.[3]

Simply put, Plaintiffs are asserting a challenge to state court orders dressed up as an independent constitutional claim, and their claim is barred. Given that there is clearly a lack of jurisdiction under *Rooker-Feldman*, this Court should grant Defendant's motion to dismiss.  No further discussion of the merits is necessary because the analysis can and should end here.

## II.  THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION

The central premise of the *Younger* abstention doctrine is that "[I]nterests of comity and federalism ... counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Lebbos v. Judges of Superior Ct.*, 883 F.2d 810, 813 (9th Cir.1989) (citations to quoted case omitted). *Younger* abstention is required "when certain civil proceedings are pending, if the State's interests in the proceedings are so important that the exercise of the federal judicial

---

[3] For example: if the court had imposed the restraining orders for a term of five years instead of three years, as it is permitted to do pursuant to Cal. Code Civ. Proc. 527.6(j)(1), and Plaintiffs objected to the length of the orders, they would be required to challenge the orders in state court. There would be no recourse for them in federal court. The facts of this case are not materially different. Plaintiffs seek to contest the terms of their restraining orders in federal court. This is clearly barred.

1    power would disregard the comity between the States and National Government."

2    *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). *See also District Property*

3    *Associates v. District of Columbia*, 743 F.2d 21 (D.C. Cir. 1984) ("[G]iven the

4    obligation of state and local courts (no less than federal courts) to enforce the

5    constitution and federal laws, the federal plaintiff should be forced to raise his

6    constitutional or other federal defenses to the state's action before the state or local

7    court in which he is already a party").

8         The *Younger* test has evolved over time, and Plaintiffs direct the Court to

9    *Readylink Healthcare, Inc., v. State Compensation Ins.* Fund, 754 F.3d 754, 759

10    (9th Cir. 2014), stating that a federal court should abstain when the state

11    proceedings: (1) are ongoing, (2) implicate an important state interest, (3) allow

12    litigants to raise federal challenges, and (4) are quasi-criminal enforcement actions

13    *or* involve a state's interest in enforcing the orders and judgments of its courts. *Id.*

14    If these four threshold elements are met, the court must determine whether the

15    federal action would have the practical effect of enjoining the state proceeding. *Id.*

16    Defendant satisfies the *Younger* doctrine regardless of which test the Court applies.

17        **A.   The State Court Proceeding is Ongoing**

18         Plaintiffs make the curious argument that "Plaintiffs' state action is not

19    ongoing." ECF 21 at 6. However, they cite no authority for this assertion, and they

20    acknowledge that they are currently subject to the terms of the restraining orders.

21    ECF 1, 21. Indeed, if they were not still bound by state court orders, their alleged

22    grievance would not exist. There is also no dispute that the state court continues to

23    maintain jurisdiction over this case, and Plaintiffs have the ability right now to file

24    a motion to modify the orders in state court. Cal. Code Civ. Proc. §527.6(j). The

25    procedural posture of Plaintiffs' case parallels the posture of defendants in criminal

26    cases who remain subject to terms of probation even when a final judgment has

27    been entered. "As California courts have regularly and routinely recognized for a

28    century, courts in California retain and exercise very broad supervisory authority

1   over ongoing probationary terms." *U.S. v. Yepez*, 652 F.3d 1182, 1188 (9th Cir.

2   2011); citing *People v. Howard*, 16 Cal.4th 1081 (1997); *People v. Carbajal*, 10

3   Cal.4th 1114 (1995); *People v. Cookson*, 54 Cal.3d 1091 (1991) ("A court may

4   revoke or modify a term of probation at any time before the expiration of that term.

5   This power to modify includes the power to extend the probationary term." (citation

6   omitted)*; In re Gonzalez*, 43 Cal.App.3d 616 (1974) ("A court is vested with

7   continuing discretion to continue a defendant on probation or to revoke probation.

8   The exercise of that discretion is a judicial power manifested through the judge's

9   personal examination of the case before him . . . ."); *People v. Buford*, 42

10  Cal.App.3d 975 (1974) (A court "has continuing jurisdiction over its

11  probationers").

12       Plaintiffs assert, again without authority, that "because there are no pending

13  hearings or filing deadlines . . . . The matter is over." ECF 21 at 6. If that were true,

14  then according to Plaintiffs, any person subject to a court order, or any criminal

15  defendant subject to terms of probation, would not have a pending case. That is

16  demonstrably not true, as Plaintiffs acknowledge they remain subject to the

17  restraining orders until they expire. A review of cases where courts have found that

18  there are no ongoing state proceedings makes clear that Plaintiffs' case does not fall

19  into that category. *See, e.g., Agriesti v. MGM Grand Hotels, Inc.,* 53 F.3d 1000 (9th

20  Cir. 1972) (holding there were no ongoing proceedings where prosecutor could

21  have, but did not, file charges in court); *Walnut Properties, Inc., v. City of Whittier*,

22  861 F.2d 1102, 1107 (9th Cir. 1988) (holding there was no ongoing proceeding

23  when a state court stayed its own proceeding pending resolution of the case in a

24  federal forum); *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994)

25  (holding that there was no ongoing proceeding where the law being challenged in

26  state court was different than the law challenged in federal court).

27

28

1     To find that Plaintiffs do not have an ongoing case in state court would be to

2  find that they are no longer subject to the state court orders. There is no dispute the

3  orders are still in effect, so this prong of *Younger* is satisfied.

4       **B.   The State Proceeding Implicates Important State Interests**

5     The state court proceedings here clearly implicate important state interests.

6  Whether a proceeding implicates important state interests "is measured by

7  considering its significance broadly, rather than by focusing on the state's interest

8  in the resolution of an individual case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d

9  613, 618 (9th Cir. 2003); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1150

10  (9th Cir. 2007). Plaintiffs are subject to restraining orders in California state court

11  pursuant to a California statute. California has an interest in enforcing that statute,

12  and it has an interest in furthering the goals tied to the implementation of the

13  statute. *See Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) (en banc)

14  ("[J]udicial proceedings or disciplinary proceedings which are judicial in nature are

15  the type of proceeding that does implicate an important state interest."). Plaintiffs

16  entirely misconstrue the meaning of "important state interest." Again, citing no

17  authority, Plaintiffs assert that the applicable consideration is "whether [the state's

18  interest in reducing gun violence] is implicated by people like Plaintiffs who merely

19  had security cameras installed on their home." ECF 21 at 8. This argument

20  improperly focuses on the specifics of this case, and it misunderstands the relevant

21  inquiry. *Younger* abstention is concerned with "federal court interference with state

22  court proceedings." *Younger v. Harris*, 401 U.S. 31 (1971) at 43. The important

23  state interest here is California's interest in imposing and enforcing restraining

24  orders pursuant to its laws, not whether or how they apply to Plaintiffs. The

25  Supreme Court "repeatedly has recognized that the States have important interests

26  in administering certain aspects of their judicial systems." *Penzoil Co. v. Texaco,*

27  *Inc.*, 481 U.S. at 12-13. Because California clearly has an interest in administering

28  these proceedings, this element is also satisfied.

1
2

### C. Plaintiffs had a Meaningful Opportunity to Raise a Constitutional Challenge

3    Plaintiffs had the opportunity to appeal and raise their constitutional claim in

4    state court, just as every litigant does. As such, it is improper to instead raise this

5    claim here. "Abstention is based on the theory that "'[t]he accused should first set

6    up and rely upon his defense in the state courts, even though this involves a

7    challenge to the validity of some statute, unless it plainly appears that this course

8    would not afford adequate protection.'" *Middlesex County Ethics Committee v.*

9    *Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) (quoting *Younger v. Harris*, 401

10    U.S. at 45). The burden rests on Plaintiffs to show that they were "barred from

11    raising [their] federal claims in the [state court] action." *Lebbos v Judges of*

12    *Superior Ct, supra,* 883 F.2d at 815. Plaintiffs did not cite any authority that they

13    were barred from raising the constitutional issue on appeal, and that is because

14    there is none. Clearly, it is permitted. *See People ex rel. Gallo v. Acuna*, 14 Cal.4th

15    1090, 1122 (1997) (holding that preliminary injunction violated First and Fifth

16    Amendment); *R.D. v. P.M.*, 202 Cal.App.4th 181, 191 (2011) (plaintiffs argued on

17    appeal that section 527.6 restraining order violated federal First Amendment);

18    *Parisi v. Mazzaferro,* 5 Cal.App.5th 1219, 1228 (2016) (plaintiffs argued on appeal

19    that section 527.6 restraining order violated First Amendment); *People v. Flores*,

20    169 Cal.App.4th 568, 573-577 (2008) ( *Mitchell v. Mitchell*, No. A131632, 2012

21    WL 2510051 at *5 (Ct. App. 2012) (plaintiffs argued on appeal that section 526.7

22    restraining order violated Second Amendment); *Diaz-Stellwagon v. White*, No.

23    A126747, 2010 WL 4816156 at *7 (Ct. App. 2010) (plaintiff argued on appeal that

24    domestic violence restraining order violated Second Amendment). Plaintiffs'

25    assertion that "in order to challenge the constitutionality of the firearm restrictions

26    placed on them, Plaintiffs would have had to have filed a new case entirely," ECF

27    21 at 10, is simply wrong. Typically, "when a litigant has not attempted to present

28    his federal claims in related state-court proceedings, a federal court should assume

1    that state procedures will afford an adequate remedy, in the absence of

2    unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. at

3    15. Plaintiffs have not attempted to present their claims in state court, nor have they

4    presented authority that they are barred from doing so. As such, this Court should

5    assume they had a meaningful opportunity to raise this challenge.

6         Plaintiffs' assertion that they are not required to exhaust their remedies, ECF

7    21 at 9, is a strawman argument that avoids the relevant inquiry entirely. The

8    question is not whether they exhausted their remedies, it is whether the federal

9    plaintiff "had a full and fair opportunity to litigate his or her federal claims during

10   the ongoing state proceeding." *Benavidez v. Eu*, 34 F.3d 825, 831 (9th Cir. 1994)

11   (citing *Ohio Civil Rights Comm'n, Inc*., 477 U.S. at 627). In other words, it is not

12   whether they *exhausted* their avenues for relief, it's whether avenues for relief

13   *existed.* Plaintiffs did not choose to avail themselves of an appeal, but they could

14   have. This ends the inquiry. Plaintiffs cite *Bookout v. Nielsen*, 155 Cal. App. 4th

15   1131, 1137 (2007) for the proposition that they would have been "limited to

16   arguing that the lower court's factual findings were unsupported by substantial

17   evidence." ECF 21 at 10. Plaintiffs are simply reciting the standard of review for

18   reviewing section 527.6 restraining orders on appeal, there is nothing in *Bookout* or

19   elsewhere that prohibits constitutional challenges on appeal. Further, as noted in

20   Section I, *supra*, because the firearm restriction is part of the restraining orders,

21   Plaintiffs would necessarily be challenging the state court's findings of fact on

22   appeal. Nothing about this is unusual or negates the well-established procedural

23   avenue for bringing a constitutional challenge on appeal. This prong is satisfied.

24        **D.    The State Proceeding Involves the State's Interest in Enforcing
              the Orders and Judgments of its Courts**

25

26        Federal courts generally abstain when asked to enjoin a party from enforcing a

27   state court judgment because the state has an interest in ensuring "that its orders and

28   judgments are not rendered nugatory." *Penzoil Co. v. Texaco, supra,* at 13-14.

1    Federal injunctions would "challenge the very process" by which the state court

2    judgment was obtained. *Id.* at 14. This includes state court proceedings ancillary to

3    enforcement of a judgment. It is sufficient that the federal claims have been or

4    could be presented in the state proceedings. *Lebbos v. Judges of Superior Court,*

5    *supra,* at 815 (*Younger* abstention was proper in unlawful detainer proceeding by

6    state court receiver as part of effort to enforce judgment).

7        There is no dispute that the restraining orders here are a judgment of a court in

8    California. Brady Decl. Ex. N; RJN Ex. B. As detailed in section II.B above, the

9    state has an interest in enforcing the judgments of its courts. *Penzoil Co. v. Texaco,*

10   *supra,* 481 U.S. at 13 ("So long as . . . challenges relate to pending state

11   proceedings, proper respect for the ability of state courts to resolve federal

12   questions presented in state-court litigation mandates that the federal court stay its

13   hand."). Relying on  *Rynearson v. Ferguson*, 903 F.3d 920 (9th Cir. 2018),

14   Plaintiffs claim that this case does not "impact California courts' ability to perform

15   their judicial functions." ECF 21 at 7. However, the plaintiff in *Rynearson* was

16   making a general constitutional challenge to Washington state's cyberstalking law.

17   *Rynearson v. Ferguson,* 903 F.3d at 927. ("Here, Rynearson's challenge is solely to

18   the constitutionality of the criminal statute."). *Younger* abstention was not

19   appropriate in that case because he was not challenging his particular restraining

20   order in federal court, so his "suit did not involve Washington's interest in

21   enforcing the orders and judgments of its courts." *Id.* In contrast, Plaintiffs are

22   directly challenging a state court judgment through an as-applied challenge to the

23   specific facts of their case. They are specifically seeking a material change in the

24   terms of their restraining orders, which would disrupt the enforcement of the state

25   court order. Thus, this *Younger* factor is met.

26

27

28

1

2

### E.  Federal Intervention Would Have the Practical Effect of Enjoining the State Proceeding

3      As Defendant discusses extensively in Section I, *supra*, the gun restriction is

4  part of the state court orders. As such, nullifying it would necessarily mean

5  enjoining the orders. Indeed, that is exactly the relief Plaintiffs seek in their

6  Complaint: "Plaintiffs pray that the Court: . . . (3) Issue an injunction enjoining

7  Defendants and their officers, agents, and employees from enforcing California

8  Penal Code sections 29825, 30305, 27500, 27540, 30306, and 30370, and

9  California Code of Civil Procedure sections 527.6(u) and 527.9, against Plaintiffs."

10  ECF 1 at 16. Not only would intervening have the "practical effect" of enjoining the

11  state proceeding, *an injunction is the stated goal*. Plaintiffs have no argument to the

12  contrary, falling back on their misguided assertion that the proceedings are not

13  ongoing to attempt to argue that this factor should not apply. ECF 21 at 6. Clearly,

14  and by their own admission based on the relief they seek, it does.

15

16

### F.  Plaintiffs do Not Face Irreparable Injury that is "Both Great and Immediate"

17      Plaintiffs assert that even if all five *Younger* factors apply, they are exempt

18  from its directive because they will "continue to suffer 'irreparable harm' that is

19  'great and immediate' if this Court declines to hear their case." ECF 21 at 10.

20  However, the case they cite in support, *Kugler v. Helfant*, applies to criminal cases:

21  "in the absence of exceptional circumstances creating a threat of irreparable injury

22  'both great and immediate,' a federal court must not intervene by way of either

23  injunction or declaratory judgment in a pending state criminal prosecution." 421

24  U.S. 117, 123 (1975) (noting the "formidable general policy of 'leaving generally to

25  the state courts the trial of criminal cases arising under state laws'"). Plaintiffs cite

26  no authority for the application of this standard to civil restraining orders or civil

27  cases generally.

28

1    Furthermore, the irreparable harm Plaintiffs allege here is not "great and

2    immediate." As a threshold matter, Plaintiffs' assertion that they are harmed

3    because they have to "pay for storage of their firearms," ECF 21 at 10, should be

4    disregarded because monetary harm measurable in damages does not rise to the

5    level of irreparable injury which would justify granting a preliminary injunction,

6    thus it cannot be considered "immediate." *Calif. Pharmacists Ass'n v. Maxwell-*

7    *Jolly,* 563 F.3d 847, 852 (9th Cir. 2009), *vacated on other grounds sub nom.*

8    *Douglas v. Independent Living Ctr. Of So. Calif., Inc.,* 565 U.S. 606, (2012)

9    ("[E]conomic damages are not traditionally considered irreparable because the

10   injury can *later be remedied by a damage award*") (emphasis in original); *Oakland*

11   *Tribune, Inc., v. Chronicle Pub. Co., Inc.,* 762 F.2d 1374, 1376 (9th Cir. 1985). The

12   other harm they allege, that they have been "wholly deprived of their Second

13   Amendment rights and will be for at least another year," *id.*, is largely a problem of

14   their own making. As detailed in Defendant's Opposition to Plaintiffs' Motion for

15   Preliminary Injunction, ECF 14 at 13-14, Plaintiffs delayed almost two years in

16   bringing this case. Defendant is sympathetic to Plaintiffs' medical troubles, but the

17   timeline Plaintiffs have set forth to attempt to excuse the delay does not justify

18   waiting 22 months, well over half the duration of the restraining orders, to file this

19   case. And the long delay certainly demonstrates that the harm is not "immediate."

20   *Oakland Tribune Inc., v. Chronicle Pub. Co., Inc.,* at 1377 ("Plaintiff's long delay

21   before seeking a preliminary injunction implies a lack of urgency and irreparable

22   harm.").

23   Defendant meets all the *Younger* factors, and the Court should therefore

24   abstain from exercising jurisdiction. To the extend Plaintiffs rely on the Declaratory

25   Judgment Act for jurisdiction, the Court also has discretion to abstain. *Huth v.*

26   *Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002).

27

28

1 **CONCLUSION**

2 For the foregoing reasons, the Court should grant Defendant's Motion to

3 Dismiss the Complaint.

4 Dated:  October 18, 2021                    Respectfully submitted,

5                                                            ROB BONTA
                                                             Attorney General of California
6                                                            HEATHER HOESTEREY
                                                             Supervising Deputy Attorney General
7
                                                                 */s/ Rita B. Bosworth*
8
9                                                            RITA B. BOSWORTH
                                                             Deputy Attorney General
10                                                           *Attorneys for Defendant Rob Bonta, in*
                                                             *his official capacity as Attorney*
11     SA2021304326                                          *General of the State of California*
       42915568.docx
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28