JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01412-DOC-KES            Date: October 28, 2021

Title: MIRANDA WALLINGFORD ET AL. v. ROBERT BONTA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO DISMISS [9]**

Before the Court is a Motion to Dismiss ("Motion" or "Mot.") (Dkt. 16) brought by Defendant Attorney General of the State of California Robert Bonta ("Defendant"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Defendant's Motion.

**I.    Background**

    **A.    Facts**

This case arises out of a dispute between neighbors and resulting protective orders. *See generally* Complaint ("Compl.") (Dkt. 1). The following facts are taken from Plaintiffs' complaint. Plaintiffs have been in a dispute with a neighbor since 2013. Compl. ¶ 2. In response to the neighbor's allegations of harassment and assault, Plaintiffs installed security cameras on their property to record the neighbor's conduct. *Id.* The neighbor subsequently complained that the cameras recorded her private property and violated her privacy, after which Plaintiffs repositioned the cameras. *Id.* ¶ 3. After

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01412-DOC-KES            Date: October 28, 2021

Page 2

considering both sides' actions, the California Superior Court issued restraining orders against Plaintiffs and the neighbor. *Id.* ¶ 4.

Under California Code of Civil Procedure section 527.9, the Superior Court was required to order Plaintiffs to relinquish any firearms they possessed. *Id.* ¶ 19. Further, California Penal Code sections 29825 and 30305 prohibit any person subject to a restraining order from acquiring, owning, or possessing a firearm or ammunition. *Id.* Penal Code sections 27500 and 30306 prohibit selling or transferring a firearm or ammunition to a person under such an order. *Id.* Plaintiffs allege that these statutory provisions, as applied to Plaintiffs in these circumstances, violate the Second Amendment and the Due Process Clause. *Id.* ¶ 6.

## B. Procedural History

On August 30, 2021, Plaintiffs filed their complaint in this Court. Defendant filed the present Motion to Dismiss on October 4, 2021. Plaintiffs opposed the motion ("Opp'n") on October 11 2021 (Dkt. 21). Defendant filed his Reply on October 18, 2021 (Dkt. 22).

## II. Legal Standard

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. "Subject-matter jurisdiction" "refers to a tribunal's 'power to hear a case,' a matter that 'can never be forfeited or waived.'" *Union Pac. R.R. Co. v. Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01412-DOC-KES                    Date: October 28, 2021

Page 3

amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. Discussion

Defendant argues that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine and that the Court should abstain from exercising jurisdiction under *Younger*. Mot. 1. Plaintiffs respond that both doctrines are inapplicable. Opp'n at 1. Since the Court finds that *Rooker-Feldman* applies to bar jurisdiction, it does not address *Younger* abstention.

The *Rooker-Feldman* doctrine deprives federal courts of jurisdiction to hear direct appeals from state court judgments. *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). A district court also may not exercise jurisdiction over "the de facto equivalent of such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). The doctrine is construed narrowly and is limited to situations where a plaintiff alleges a de facto appeal by both asserting errors by the state court and seeking relief from the state court judgment as a remedy. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). To determine whether an action functions as a de facto appeal, courts "pay close attention to the relief sought by the federal court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal quotation marks and citations omitted). If "the relief requested in the federal action would effectively reverse the state court decision or void its ruling," the claims are "inextricably intertwined" and the court must dismiss the federal action for lack of subject matter jurisdiction. *Cooper*, 704 F.2d at 777.

Here, Plaintiffs argue that the state court found that they had fixed the camera positioning issues and "made no finding that Plaintiffs had broken any law with the positioning of their cameras" or "that Plaintiffs posed a danger" to anyone. Compl. ¶ 4. Plaintiffs argue that the state "court never even explained exactly how Plaintiffs' action(s) met the standard for issuance of a restraining order." *Id.* As Defendant notes, under California law, a court granting a restraining order "necessarily implies that the trial court found [the defendant] knowingly and willfully engaged in a course of conduct that seriously alarmed, annoyed, or harassed" the petitioning party. Mot. at 7 (quoting *Ensworth v. Mullvain*, 224 Cal. App. 3d 1105, 1112 (1990)). To the extent that Plaintiffs seek to challenge the state court's findings of fact, and the state court's legal conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01412-DOC-KES　　　　　　　　　　Date: October 28, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

that Plaintiffs were therefore prohibited from owning firearms, they are effectively requesting review and possible reversal of state court rulings. Since "the injury alleged by the federal plaintiff resulted from the state court judgment itself," this Court has no jurisdiction to undertake such a review. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal citation omitted). As such, the Court finds that the *Rooker-Feldman* doctrine bars Plaintiffs' claims.

### IV.　Disposition

　　For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES WITH PREJUDICE Plaintiffs' Complaint. The hearing on this Motion to Dismiss scheduled for November 1 is accordingly VACATED.

　　The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: kdu

CIVIL-GEN